588 P.2d 383 (1978)
Shelley K. MORRISON, Plaintiff-Appellant,
v.
Mark Edward DROLL, Defendant and Third Party Plaintiff,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Third Party Defendant-Appellee, and
Dairyland Insurance Company, Third Party Defendant.
No. 77-665.
Colorado Court of Appeals, Div. II.
September 28, 1978.
Rehearing Denied October 26, 1978.
Certiorari Denied December 26, 1978.
*384 DeMuth & Eiberger, Russell P. Rowe, Perry L. Goorman, Denver, for plaintiff-appellant.
White & Steele, P. C., R. Eric Peterson, James D. Hinga, Denver, for third party defendant-appellee Government Employees Ins. Co.
ENOCH, Judge.
This is an appeal by plaintiff from a declaratory judgment that third-party defendant, Government Employees Insurance Company (GEICO), is not obligated under its policy insuring Edward Droll to pay for plaintiff's injuries. The injuries arose out of a one-car accident in which Edward Droll's son, Mark, was the driver of a 1970 Siato and plaintiff was the passenger. We affirm.
Prior to the accident, Edward Droll paid a premium on the insurance policy for the period of September 17, 1973 to September 17, 1974, to cover his automobiles, including a 1971 Vega. At the time of payment Mark lived with his father. In January 1974, Mark moved out of his father's house and established a separate residence. Edward Droll contacted a GEICO agent who informed him that coverage for the Vega still existed under the policy. At the agent's suggestion, Edward Droll wrote GEICO that Mark, the sole driver of the Vega, no longer resided with him. GEICO never responded to the letter.
In June 1974, the Vega sustained damage when it was struck by another car. Mark presented this collision loss to GEICO which agreed to pay the claim. Before having the car repaired, Mark spoke with a Harold Bennett about purchasing Bennett's 1970 Siato. They agreed that Mark would pay $200 to Bennett and would pay the three remaining payments of $107 owed to Boulder National Bank on a loan covering the Siato. The bank was to give Mark the certificate of title after he made final payment on the car. On September 1, after paying $200 to Bennett, Mark took possession of the Siato, and it remained at Mark's residence, although Bennett had the right to use the car. On September 5, Mark took the Vega to be repaired; it was still in the repair shop on September 7, 1974.
On September 7, Mark was involved in the accident with the Siato giving rise to the issues in this case. GEICO paid certain medical expenses incurred by plaintiff until January 1975. When GEICO refused to pay additional expenses, plaintiff initiated this suit to recover damages. Plaintiff agreed to a settlement with Mark and Dairyland Insurance Company, Bennett's Insurer, and they are no longer involved in this litigation. The court granted GEICO's motion for a declaratory judgment, on the grounds that the policy did not cover the September 7 accident and that GEICO's payments for the Vega repairs and plaintiff's expenses up to January 1975 did not constitute a waiver of the policy limitations, nor did they estop GEICO from asserting the limitations.
Plaintiff first argues that the Siato was covered under the policy as a "temporary substitute automobile" for the Vega while the Vega was being repaired. We disagree.

*385 The policy states: "`Temporary Substitute Automobile' means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."
The evidence supports the trial court's conclusion that the Siato was owned by Mark at the time of the accident. Therefore the Siato was not a substitute for the insured Vega even though the Vega was being repaired at the time, and it does not fall within the policy definition of "temporary substitute automobile."
In support of the argument that Mark did not own the Siato, plaintiff claims there was no contract between Mark and Bennett because the $200 was merely earnest money, not a down payment. We find no merit in this claim.
There was sufficient evidence to support the court's finding that the $200 was the first payment under a purchase agreement. Not only did Mark and Bennett agree to periodic payments, but Mark took possession after making the initial payment. Plaintiff also contends that the agreement between Bennett and Mark is unenforceable under the Statute of Frauds because it was not in writing. The oral sales agreement, however, was a sales contract covered by the Uniform Commercial Code. Waggoner v. Wilson, 31 Colo.App. 518, 507 P.2d 482 (1972). Under § 4-2-201(3)(c), C.R.S. 1973, that contract became enforceable by virtue of the payment by Mark of $200 coupled with his taking possession of the automobile.
Plaintiff urges that because Mark did not have a certificate of title for the Siato, he was not yet the owner of the car under § 42-6-109, C.R.S.1973. Non-delivery of the certificate of title does not prevent change of ownership as between the parties to the transaction. United Fire & Casualty Co. v. Perez, 161 Colo. 31, 419 P.2d 663 (1966). Therefore, Mark was the owner of the Siato on September 7, 1974, despite the fact that the certificate of title had not yet passed to him and Bennett had reserved a right to use the car. See Waggoner v. Wilson, supra.
Plaintiff further contends that if Mark did own the Siato, then the car falls within the "non-owned automobile" provision of the GEICO policy, insuring either the named insured or any relative. Though Mark is a relative of the insured, coverage is restricted to a relative who is a resident of the same household. Plaintiff admits that Mark was not living in the Droll household at the time of the accident; therefore Mark is not an insured person within the terms of the policy.
Plaintiff's final argument is that GEICO waived the provisions of its policy, or is estopped from asserting them, because of its payment of the claim arising out of the June 1974 accident and payments to plaintiff until January 1975. We do not agree.
There is no evidence that Mark relied on GEICO's actions to refrain from insuring the Siato prior to the accident. Therefore, GEICO is not estopped from asserting the provisions of its policy. See First National Bank v. Ulibarri, 38 Colo. App. 428, 557 P.2d 1221 (1976). Nor is the partial payment sufficient under the facts of this case to establish a waiver of policy provisions. See Colorado Bank & Trust Co. v. Western Slope Investments, Inc., 36 Colo. App. 149, 539 P.2d 501 (1975).
Judgment affirmed.
RULAND and STERNBERG, JJ., concur.