**Carol HALL and Gregory Goldman, Plaintiffs-Appellants,**

v.

**HONG SEUNG GEE a/k/a Seung Hong, Defendant-Appellee.**

No. 85CA0680.

Colorado Court of Appeals, Div. II.

Aug. 14, 1986.

Madsen & Madsen, P.C., Robert M. Madsen, Littleton, George J. Nichols, III, Wheat Ridge, for plaintiffs-appellants.

Hall and Evans, Arthur R. Karstaedt, III, Eugene O. Daniels, Denver, for defendant-appellee.

VAN CISE, Judge.

In this personal injury action, plaintiffs, Carol Hall and Gregory Goldman, appeal the summary judgment entered in favor of defendant Hong Seung Gee (seller). We affirm.

The facts of the case are not in dispute. On March 11, 1984, plaintiffs were occupants of a car struck by another car operated by Yon Jin Shin (buyer), a co-defendant in the trial court. Both plaintiffs were injured.

Three days before the accident, seller sold to buyer the car which was subsequently involved in the collision. Buyer tendered the full purchase price in the form of a $900 cashier's check. Seller turned over the keys to buyer, and buyer took possession of the car. The parties agreed that seller would endorse and deliver the title certificate to buyer not later than March 15. In fact, the endorsed title certificate was delivered to buyer the day after the accident. This lawsuit was commenced

against both buyer and seller shortly thereafter.

Buyer filed for bankruptcy. In a stipulated modification of the automatic stay, the bankruptcy court allowed plaintiffs to proceed against buyer conditioned on any judgment against him being satisfied solely from the proceeds of any applicable insurance policy. Buyer did not have any liability insurance in his name at the time of the accident. Seller did, and his policy covered him as owner and also covered any person who used a car owned by him if driven with his permission.

Seller moved for summary judgment of dismissal as to him on the basis that at the time of the accident he was not the owner of the car. The trial court granted the motion and dismissed seller from the action, holding that transfer of ownership took place when buyer paid seller the $900 and seller turned over the car keys to buyer. By that ruling, the court determined, in effect, that buyer was driving as owner and not as a user with permission and that, therefore, there was no liability on the part of seller. A C.R.C.P. 54(b) order was entered, and plaintiffs appeal this judgment.

The key question on appeal is whether buyer or seller owned the car at the time of the accident. The applicable provisions of the motor vehicle code are as follows:

"[N]o person shall sell or otherwise transfer a motor vehicle to a purchaser or transferee thereof without delivering to such purchaser or transferee the certificate of title to such vehicle, duly transferred in the manner prescribed in section 42–6–109, *and no purchaser or transferee shall acquire any right, title, or interest in and to a motor vehicle purchased by him unless and until he obtains from the transferor the certificate of title thereto, duly transferred to him in accordance with the provisions of this part* 1." Section 42–6–108, C.R.S. (1984 Repl.Vol. 17) (the certificate of title act) (emphasis supplied).

"The owner of a motor vehicle who has made a bona fide sale or transfer of his title or interest and who has delivered possession of such vehicle *and* the certificate of title thereto properly endorsed to the purchaser or transferee shall not be liable for any damages thereafter resulting from negligent operation of such vehicle by another." Section 42–3–115(4), C.R.S. (1984 Repl.Vol. 17) (emphasis supplied).

These statutes appear to provide an unambiguous statement as to when ownership of a car passes from seller to buyer. However, Colorado appellate court decisions interpreting or applying these statutes differ and are not reconcilable.

In *Codding v. Jackson*, 132 Colo. 320, 287 P.2d 976 (1955), the supreme court sitting *en banc* held:

"[T]he provisions of the [motor vehicle] code provide the sole and exclusive manner in which the legal title, as well as any right, title or interest in a motor vehicle may be transferred, sold or assigned. . . .

"[T]hese provisions are more than merely administrative, they are mandatory. Unless strict compliance with the statute is made, no interest or right of any kind can be transferred. . . ."

In 1966, however, a department of the supreme court decided *United Fire & Casualty Co. v. Perez*, 161 Colo. 31, 419 P.2d 663. In *Perez*, possession of the car had been turned over to buyer before, but the balance of the purchase price and the certificate of title were not delivered until after the accident. The court held that buyer was the owner, and refused to apply the certificate of title act.

In 1972, in *Waggoner v. Wilson*, 31 Colo. App. 518, 507 P.2d 482, this court held:

"Although the certificate of title was not transferred to [buyer], delivery of possession of the car to [buyer] constituted a transfer of the ownership to him . . . Notwithstanding the provisions of [the certificate of title act] . . . non-delivery of the certificate of title does not prevent change of ownership as between the parties to the transaction. *United Fire & Casualty Co. v. Perez [supra]*. Thus,

as a matter of law, the automobile in question was not owned by [seller]."

Then, in *Guy Martin Buick, Inc. v. Colorado Springs National Bank*, 184 Colo. 166, 519 P.2d 354 (1974), the supreme court *en banc* held that the certificate of title act "is intended to hold in abeyance both the seller's power to transfer and the purchaser's right to receive any right, title or interest in the automobile to be sold until such time as the certificate of title is delivered to the purchaser.... Until the certificates of title were delivered, [purchaser] acquired no right, title or interest, voidable or otherwise, in the automobiles which he could convey to a third party.... At the moment [seller] delivered the motor vehicle title certificates to [buyer], the requirements of [the certificate of title act] were satisfied."

Subsequently, in *Morrison v. Droll*, 41 Colo.App. 354, 588 P.2d 383 (1978) (cert. denied), citing *Perez, supra*, this court held: "Non-delivery of the certificate of title does not prevent change of ownership as between the parties to the transaction." Accordingly, the *Morrison* court held that buyer there was the owner of the car "despite the fact that the certificate of title had not yet passed to him and [seller] had reserved a right to use the car. *See Waggoner v. Wilson, supra*."

Finally, in *Colorado Auto & Truck Wreckers Ass'n v. Department of Revenue*, 618 P.2d 646 (Colo.1980), the court en banc, citing *Perez* and *Morrison*, again stated: "The failure to deliver a certificate of title does not prevent the acquisition of ownership rights as between the parties to the transaction."

Since the majority of the Colorado appellate court decisions, including *Colorado Auto, supra*, the latest pronouncement on the subject, support the proposition that non-delivery of the certificate of title does not prevent a change of ownership, and that delivery of possession constitutes a transfer of ownership as between the parties involved, those decisions are binding on us.

Consequently, under the circumstances at issue, seller was not the owner of the car at the time of the accident and, thus, was not liable to plaintiffs. Also, since seller was not the owner, buyer was not a person who used the car with permission for insurance purposes.

Judgment affirmed.

SMITH and KELLY, JJ., concur.