Leonard NIKOLAI, Plaintiff–Appellant,

v.

FARMERS ALLIANCE MUTUAL IN-
SURANCE COMPANY, James K.
Kreutz, Peter A. McFarlane and April
Green, Defendants–Appellees.

No. 90CA1664.

Colorado Court of Appeals,
Div. III.

Oct. 10, 1991.

Rehearing Denied Nov. 14, 1991.

Certiorari Denied June 1, 1992.

Strate and Tondre, P.C., Brice A. Tondre,
Wheat Ridge, for plaintiff-appellant.

Anstine and Hill, Ronald C. Hill, Denver, for defendant-appellee Farmers Alliance Mut. Ins. Co.

Bader & Villanueva, P.C., Gerald L. Bader, Jr., Jeffrey M. Villaneuva, Denver, for defendant-appellee James K. Kreutz.

Opinion by Judge TURSI.

Plaintiff, Leonard Nikolai, appeals the summary judgment entered in favor of defendants, Farmers Alliance Mutual Insurance Company (Alliance), James K. Kreutz, and Peter A. McFarlane. We affirm.

Plaintiff was insured by Alliance and USAA under two separate homeowners insurance policies for personal liability coverage. The Alliance policy extends to bodily injury to another caused by plaintiff's negligence. However, coverage for intentional torts is excluded. The Alliance policy specifically provides that:

> "This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally liable to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient.

> . . . .

> "This policy does not apply ... to bodily injury or property damage which is either expected or intended from the standpoint of the Insured."

In 1987, plaintiff was named as a defendant in a civil action by his niece, who alleged that she had, as a child, been sexually assaulted by plaintiff in locations which were insured by his homeowners insurance policies. The complaint contained three claims for intentional torts and two claims for negligence.

Plaintiff claimed that he was entitled to a defense and indemnification with respect to the negligence claims and, therefore, notified his carriers of the lawsuit. Although both insurers relied upon their policies' intentional torts exclusion to deny coverage, they each agreed to defend plaintiff subject their reservation of rights. Alliance then retained counsel to commence a declaratory judgment action to resolve the coverage issue regarding the negligence claims.

Plaintiff's niece was represented by defendants Kreutz and McFarlane. When Kreutz was advised of the pendency of a declaratory judgment action, he withdrew the negligence claims from the complaint. Consequently, the excluded intentional tort claims were all that remained in the action.

Following dismissal of the negligence claims, Alliance denied plaintiff coverage and a defense and did not institute the declaratory judgment action. However, USAA either had or did agree to provide plaintiff with a defense in consideration for its release from any obligation to indemnify.

This court subsequently issued its opinion in *Allstate Insurance Co. v. Troelstrup*, 768 P.2d 731 (Colo.App.1988), *rev'd*, 789 P.2d 415 (Colo.1990), adopting the rule of those jurisdictions which have held that a defendant's intent to harm in a sexual assault case is a factual question which, if determined to be lacking, may impose upon a homeowner's insurance carrier the duty to defend its insured who is covered for negligence. Kreutz then amended his client's complaint to reinstate the negligence claims.

Alliance entered an appearance in the case on behalf of plaintiff when the negligence claims were reinstituted. Shortly thereafter, Alliance and USAA successfully negotiated a resolution of that dispute. All claims against plaintiff were dismissed with prejudice in consideration of a monetary settlement which was paid by the insurers.

Plaintiff commenced this action against defendants before resolution of the underlying action, seeking to recover for economic loss, emotional distress, and punitive

damages. Plaintiff claims that Alliance breached its insurance contract by refusing to defend him, that in so doing it breached its duty of good faith and fair dealing, that Kreutz and McFarlane intentionally interfered with the Alliance insurance policy by inducing Alliance not to defend in exchange for dismissal of the negligence claims, and that all defendants acted in an extreme and outrageous manner.

These claims were dismissed by entry of summary judgment in favor of the defendants.

### I.

■ Plaintiff contends that the trial court erred as a matter of law when it held that Alliance has no duty to defend against the negligence claims asserted against plaintiff by his niece. We disagree.

In *Allstate Insurance Co. v. Troelstrup,* 789 P.2d 415 (Colo.1990), our Supreme Court held that the intent to harm may be inferred as a matter of law in cases in which the defendant has engaged in sexual misconduct with a child. In these circumstances, such intent "is not relevant to the determination of whether coverage is precluded pursuant to an intentional injury exclusion." Therefore, allegations of negligence in a complaint will not invoke the duties of the insurer to defend or indemnify an insured under a homeowners policy which incorporates an intentional torts exclusion provision. *Allstate Insurance Co. v. Troelstrup, supra.*

However, plaintiff seeks to distinguish *Troelstrup* by contending that it does not apply to situations in which the insured has not been convicted of, nor has admitted to, acts of child molestation. Specifically, plaintiff contends that the factual question of intent is not presumed in situations in which the insured has not been convicted of sexual misconduct with a child and that, therefore, he could theoretically be found liable for sexual misconduct under a negligence theory. He reasons, accordingly, that the insurer has a duty to defend and to institute a declaratory judgment action to determine coverage in this situation and

that its failure to do so constitutes a breach of contract. We reject this analysis.

The insurer's duty to defend arises when the underlying complaint against the insured alleges any facts which, *if sustained,* potentially or arguably fall within the policy's scope of coverage. The actual liability of the insured to the claimant is not determinative of the duty to defend. *Hecla Mining Co. v. New Hampshire Insurance Co.,* 811 P.2d 1083 (Colo.1991).

■ However, an insurer must overcome a heavy burden when seeking to avoid its duty to defend. When it relies upon an exclusion clause to deny its duties, the insurer must demonstrate that the allegations of the complaint cast the pleading entirely within the policy exclusions and that the allegations are not subject to any other conclusion. *Hecla Mining Co. v. New Hampshire Insurance Co., supra.*

■ Here, Alliance was required to determine whether it possessed a duty to defend by accepting the allegation that plaintiff committed a sexual assault upon his niece. Once it is assumed that plaintiff engaged in sexual misconduct with a child, his intent to harm is implied as a matter of law pursuant to *Troelstrup.* Therefore, the fact that plaintiff was not convicted of sexual assault is irrelevant, and an allegation of negligence does not invoke Alliance' duty to defend. *Cf. American Family Mutual Insurance Co. v. Johnson,* 816 P.2d 952 (Colo.1991) (homeowners insurance coverage may be excluded for bodily injury resulting from the insured's volitional performance of an act with intent to cause some degree of injury).

■ Nor is there merit to plaintiff's further contention that he is entitled to a defense inasmuch as the claims asserted against him are fraudulent and groundless. If the insurer has no duty to defend claims which are cast entirely within the policy exclusions, an insured's protestation of innocence is irrelevant. *See Hecla Mining Co. v. New Hampshire Insurance Co., supra.*

Here, because of the allegations in the niece's complaint, there was no theory of

recovery which would impose potential or arguable coverage of the claims whether she was able to sustain the allegation or not. Hence, Alliance successfully met its burden of establishing that it did not possess a duty to defend the underlying claims.

Under these circumstances, there is no disputed material issue of fact regarding Alliance's duty to defend; therefore, the trial court correctly concluded that there is no contractual basis upon which any of plaintiff's claims for relief would apply against Alliance. Nor, therefore, would such claim be sustainable against the niece's attorneys. Hence, judgment was properly entered against plaintiff as a matter of law. C.R.C.P. 56.

## II.

■ Plaintiff also takes issue with the trial court's order by contending that Alliance's broad duty to defend is not clearly conditioned solely upon the occurrence of non-intentional bodily injury in the policy. Therefore, he argues that this alleged ambiguity compels us to construe the policy to afford plaintiff the defense which he reasonably expected. And, having established a duty to defend, plaintiff asserts that the failure of Alliance to do so constitutes a breach of contract. In support of this argument, he cites *Gray v. Zurich Insurance Co.*, 54 Cal.Rptr. 104, 419 P.2d 168 (1966) (an assault and battery case).

Plaintiff raises this argument for the first time on appeal. Because the trial court did not have the opportunity to review this issue, and because the application of *Allstate Insurance Co. v. Troelstrup, supra,* is dispositive of the issues on appeal, we decline to address the ambiguity issue here. *See First National Bank v. Union Tavern Corp.*, 794 P.2d 261 (Colo. App.1990).

## III.

■ Plaintiff next contends that Alliance waived its right to deny him a defense by entering its appearance in the case and settling the claims and by engaging in bad faith conduct. We are not persuaded.

■ An insurer has the exclusive right to settle or compromise a claim, *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo.1984), and it does not ordinarily waive its policy defenses by payment of settlement proceeds to a claimant. *Morrison v. Droll*, 41 Colo.App. 354, 588 P.2d 383 (1978).

Here, Alliance did not waive its policy defenses when it settled the claims after issuing a reservation of rights letter. *See Hartford Insurance Group v. District Court*, 625 P.2d 1013 (Colo.1981).

■ Nevertheless, an insurer may engage in conduct which operates as a waiver of its rights. *See Allstate Insurance Co. v. Troelstrup, supra.* Although the determination whether waiver has occurred is typically a question of fact, *Gulf Insurance Co. v. Colorado*, 43 Colo.App. 360, 607 P.2d 1016 (1979), it may be decided as a matter of law when the material facts are undisputed. *Sung v. McCullough*, 651 P.2d 447 (Colo.App.1982).

In this case, defendants met their burden by submitting affidavits establishing that they did not engage in intentional conduct probative of waiver. Plaintiff failed to raise a genuine issue of disputed fact by refuting defendants' showing. Therefore, there were no material facts regarding waiver in dispute, and the trial court's disposition of this issue as a matter of law was appropriate. C.R.C.P. 56(e).

## IV.

Plaintiff additionally contends that he is entitled to reimbursement for attorney fees incurred by him and on his behalf by USAA in defense of the suit instituted by his niece. The latter contention is based upon the collateral source rule. However, inasmuch as we hold that plaintiff had no coverage under either policy, this contention is without merit.

## V.

■ Kreutz and McFarlane have requested that plaintiff be assessed attorney fees for frivolous appeal. Inasmuch as

*Allstate Insurance Co. v. Troelstrup, supra,* may arguably be distinguished on the facts, we decline to do so.

Our disposition of this appeal on the grounds stated renders consideration of the remaining contentions of error unnecessary.

The judgment is affirmed.

PIERCE and RULAND, JJ., concur.