Michael John SWENTKOWSKI, a minor child, by and through his parent, legal guardian, and next friend, Melina L. REED, Plaintiff,

v.

Paul DAWSON, Defendant and Third–Party Plaintiff–Appellant,

v.

SAFECO INSURANCE COMPANY, Third–Party Defendant and Appellee.

No. 93CA0128.

Colorado Court of Appeals, Div. III.

April 21, 1994.

Rehearing Denied May 19, 1994.

Certiorari Denied Oct. 17, 1994.

Michael D. Brown, Arvada, for defendant and third-party plaintiff-appellant.

Hall & Evans, L.L.C., Alan Epstein, Richard A. Hanneman, Denver, for third-party defendant and appellee.

Cockrell, Quinn & Creighton, Richard M. Foster, Denver, for amicus curiae Colorado Trial Lawyers.

Opinion by Judge TAUBMAN.

Defendant and third-party plaintiff, Paul Dawson, appeals the summary judgment entered in favor of third-party defendant, Safeco Insurance Company (Safeco), on his claim that Safeco was obligated, under his home-owner's insurance policy, to defend the claims filed against him and provide coverage for him in the event that plaintiff prevailed at trial. This judgment was made final pursuant to C.R.C.P. 54(b). We affirm.

Plaintiff, a minor, sued Dawson and his minor son for the son's sexual assault on plaintiff. Plaintiff alleged that the minor son acted intentionally in sexually assaulting him. The minor son was adjudicated delinquent in the juvenile court for sexually molesting plaintiff. Plaintiff also alleged that Dawson negligently failed to warn the assaulted child's parents of his son's problems, negligently supervised his son's babysitting, and negligently failed to act to prevent the sexual assault on plaintiff.

Dawson made a demand upon Safeco to provide a defense against the negligence claims and to cover the award of damages in the event plaintiff prevailed. Safeco denied Dawson's request.

Dawson then filed a third-party action against Safeco for declaratory judgment asserting Safeco was obligated to defend and indemnify him. Safeco filed an answer and motion for summary judgment based on the terms of its policy. The trial court granted the motion for summary judgment, finding that the insurance policy excluded defense and coverage for the intentional acts of any insured.

## I.

Dawson argues that the trial court erroneously concluded that his homeowner's insurance policy excluded coverage in this matter. We disagree.

Whether coverage is available depends upon evidence presented at trial or in a motion for summary judgment. *See Sims v. Sperry*, 835 P.2d 565 (Colo.App.1992).

An insurance policy is a contract that should be interpreted consistently with the well-settled principles of contractual interpretation. Words should be given their plain and ordinary meaning. If a contractual provision is clear and unambiguous, the court should not rewrite it to arrive at a strained construction. However, when a contractual

provision is reasonably susceptible to different meanings, it must be construed against the drafter and in favor of providing coverage to the insured. *Chacon v. American Family Mutual Insurance Co.,* 788 P.2d 748 (Colo.1990).

In *Chacon v. American Family Mutual Insurance Co., supra,* the supreme court addressed the precise issue raised here. There, the insureds were denied coverage under their homeowner's insurance policy for property damage done by their minor son.

The Chacon's insurance policy provided the insureds, defined as "you and your relatives if residents of your household," with coverage for "all sums for which any insured is legally liable because of bodily injury or property damage covered by this policy." The policy excluded coverage for "bodily injury or property damage ... which is expected or intended by any insured." The policy also stated that it applied separately to each insured. *Chacon v. American Family Mutual Insurance Co., supra,* at 750.

The supreme court interpreted the policy's exclusion clause to apply to the parents, even though the intentional acts were committed by their son, stating: " 'any insured' [in the policy's exclusion provision] unambiguously expresses a contractual intent to create joint obligations and to prohibit recovery by an innocent co-insured." It also rejected the insureds' argument that the severability clause rendered the policy ambiguous, stating:

> [H]ere, the policy provides that liability coverage does not apply to ... damage which is expected or intended by any insured. This provision clearly and unambiguously expresses an intention to deny coverage to all insureds when damage is intended or expected as a result of the actions of any insured.

*Chacon v. American Family Mutual Insurance Co., supra,* 788 P.2d at 751.

The policy before us is identical in pertinent respects to the insurance policy in *Chacon v. American Family Mutual Insurance Co., supra.* It provides that Safeco will "pay up to our limit of liability for the damages for which the insured is legally liable; and provide a defense at our expense by counsel of our choice even if the allegations are groundless, false, or fraudulent" in the event that "a claim is made or a suit is brought against *any* insured because of bodily injury ... caused by an occurrence to which this coverage applies." (emphasis supplied)

The policy defines "insured" as "you and the following residents of your household: a. your relatives; b. any other person under the age of 21 who is in the care of any person named above."

The policy also contains an exclusion clause which states, in pertinent part, that coverage for personal liability and medical payments to others "do[es] not apply to bodily injury ... which is expected or intended by any insured." The policy's severability clause states: "This insurance applies separately to each insured."

Dawson contends that *Chacon v. American Family Mutual Insurance Co., supra,* is distinguishable because there the parents were vicariously liable under a statute. This argument is without merit. The supreme court analysis did not turn on the statute's imposition of vicarious liability, but rather, on its interpretation of the phrase "any insured" in the exclusionary clause to preclude coverage for all insureds when one insured had acted intentionally.

Dawson further contends that there is a material factual dispute as to whether his son acted intentionally. However, the intent to harm may be inferred as a matter of law in cases in which the defendant has engaged in sexual misconduct with a child. *See Allstate Insurance Co. v. Troelstrup,* 789 P.2d 415 (Colo.1990). Also, a child may be held liable for his or her intentional acts if there was intent to make harmful contact and the child appreciated that the contact might be harmful. *Horton v. Reaves,* 186 Colo. 149, 526 P.2d 304 (Colo.1974).

More specifically, Dawson asserts that because his son was adjudicated a delinquent, and not convicted as an adult of a criminal offense, he cannot conclusively be presumed to have acted intentionally. We reject this argument.

Dawson's son was adjudicated a delinquent by virtue of his having engaged in conduct that would constitute the crime of sexual assault on a child by one in a position of trust under § 18–3–405.3(1), C.R.S. (1993 Cum. Supp.). That statute requires a "knowingly" culpable mental state. Thus, the requisite intent was demonstrated in the juvenile proceeding. *See People v. Leonard,* 872 P.2d 1325 (Colo.App.1993) (defendant's subjective intent is not considered in proving knowing act of sexual intercourse as long as defendant was aware of his actions).

Even though delinquency proceedings are civil in nature, the respondent child is entitled to constitutional protections, including that the allegations be proved beyond a reasonable doubt before he or she can be adjudicated delinquent. *See* § 19–3–106(1), C.R.S. (1986 Repl.Vol. 8B); *S.A.S. v. District Court,* 623 P.2d 58 (Colo.1981) (juvenile entitled to constitutional protections associated with criminal proceedings, including, *inter alia,* proof beyond a reasonable doubt).

■ Since an adjudication of delinquency requires a higher burden of proof and constitutional protections not present in most civil cases, we hold that an adjudication of delinquency is sufficient to establish a conclusive presumption of intent when intent is an element of the offense. Thus, *Chacon v. American Family Mutual Insurance Co., supra,* applies here, and coverage for Dawson is excluded because of the intentional acts of his son. *See New Hampshire Insurance Co. v. Vardaman,* 838 F.Supp. 1132 (N.D.Miss. 1993) (jury finding of knowing commission of a criminal act is conclusive that defendant acted intentionally for purposes of insurance policy coverage).

## II.

■ Dawson further maintains that because he believed the policy provided coverage for his separate negligent acts, and because Safeco did not inform him of the policy's exclusions, the exclusion should not be enforced. Again, Dawson's claim is without merit.

Mere disagreement between parties does not create an ambiguity in the policy. *Wota v. Blue Cross & Blue Shield,* 831 P.2d 1307 (Colo.1992). The supreme court has conclud-

ed that the language contained in Dawson's policy is not ambiguous. *See Chacon v. American Family Mutual Insurance Co., supra.* Thus, as a matter of law, it is irrelevant that Dawson believed his homeowner's policy should provide coverage here.

## III.

■ Finally, Dawson argues that Safeco had a duty to defend his claims if there was a mere possibility that coverage existed under the policy. We disagree.

In determining whether there is a duty to defend, we must examine the terms of the insurance policy and interpretation of those terms based upon principles of contract law. *See Sims v. Sperry, supra.*

Since plaintiff alleged only intentional acts by Dawson's son, Safeco had no duty to defend claims cast entirely within the policy exclusions. *See Hecla Mining Co. v. New Hampshire Insurance Co.,* 811 P.2d 1083 (Colo.1991) (no duty of insurer to defend where allegations of complaint reveal situation within the exclusions of the insurance policy); *Nikolai v. Farmers Alliance Mutual Insurance Co.,* 830 P.2d 1070 (Colo.App. 1991).

Judgment affirmed.

CRISWELL and DAVIDSON, JJ., concur.