COLORADO FARM BUREAU MUTUAL
INSURANCE COMPANY, Plaintiff–
Appellee,

v.

Elizabeth SNOWBARGER and Martin
Snowbarger, Defendants–
Appellants.

No. 95CA1506.

Colorado Court of Appeals,
Div. III.

Feb. 20, 1997.

Watson, Nathan & Bremer, P.C., Mark H. Dumm, Bernard Woessner, Denver, for Plaintiff–Appellee.

David Littman, P.C., David Littman, Robert Lackner, Denver, for Defendants–Appellants.

Opinion by Judge JONES.

In this declaratory judgment action, defendants, Elizabeth and Martin Snowbarger, appeal a summary judgment against them and in favor of plaintiff, Colorado Farm Bureau Mutual Insurance Company (Colorado Farm), releasing it from any obligation to defend and indemnify its insured David Lovin in an underlying civil action alleging sexual assault. We affirm.

In 1987, Lovin was charged with sexual assault on his stepdaughter, Elizabeth Snowbarger, and he thereafter pled guilty to one count of sexual assault on a child.

On June 30, 1992, the stepdaughter and her husband, Martin Snowbarger, filed a civil action in Garfield County against Lovin for repeated acts of sexual assault against her from 1971 to 1987. The complaint also included claims for assault, battery, extreme and outrageous conduct, breach of fiduciary duty, negligence, negligent infliction of emotional distress, loss of consortium, and exemplary damages.

During the period when the sexual assaults occurred, Lovin was insured by Colorado Farm under a homeowner's policy. This policy included exclusions for bodily injury that was "expected or intended by the insured." Lovin contacted Colorado Farm and requested that it provide him with a defense in the civil action.

Colorado Farm determined that, because the factual allegations of the complaint fell within the homeowner's policy exclusion for intentional injury, it had no duty to defend or indemnify Lovin. After the Snowbargers demanded coverage under Lovin's policy, Colorado Farm informed them by letter in 1992 that, there being no duty, it would not indemnify Lovin and would not provide a defense.

In the underlying civil action, the trial court granted Lovin's motion to dismiss as to the intentional tort claims of assault and battery, holding that these claims were time-barred. The case proceeded on the remaining claims but, because Lovin failed to file an answer to the action, a default judgment was entered against him and in favor of the Snowbargers. A damages hearing was set, at which Lovin failed to appear. The trial court awarded Elizabeth Snowbarger $2 million in actual damages and $2 million in punitive damages for her claims of negligence and negligent parenting. Counsel for Colorado Farm was present in the courtroom during the damages hearing, but did not participate in the proceeding.

Prior to the damages hearing, Colorado Farm had filed this separate declaratory judgment action in Denver asking the court to declare that its homeowners insurance policy did not provide coverage for Lovin for a claim based upon injuries resulting from his repeated sexual assaults against his stepdaughter. The Snowbargers filed their answer but Lovin failed to answer the complaint. Because of his failure to answer, Colorado Farm was granted a default judgment as to Lovin. Thereafter, acting *sua sponte*, the Denver District Court transferred the case to the Garfield County District Court.

Colorado Farm and the Snowbargers filed cross-motions for summary judgment and conceded that there were no disputed facts. Thereafter, the trial court granted Colorado Farm's motion for summary judgment. This appeal followed.

The Snowbargers contend that the trial court erred in granting summary judgment for Colorado Farm. We find no error.

Summary judgment is a drastic remedy and should be granted only upon a clear showing that there are no genuine issues as to material facts and that the moving party is entitled to judgment as a matter of law. *Dominguez Reservoir Corp. v. Feil,* 854 P.2d 791 (Colo.1993). Review of a summary judgment order is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

In cases such as this, intent to harm is inferred as a matter of law when the defendant has engaged in sexual misconduct with a child. *Allstate Insurance Co. v. Troelstrup,* 789 P.2d 415 (Colo.1990). *See also Swentkowski v. Dawson,* 881 P.2d 437 (Colo.App.1994); *Nikolai v. Farmers Alliance Mutual Insurance Co.,* 830 P.2d 1070 (Colo.App.1991).

Furthermore, intent is an issue that, when finally decided in a previous criminal prosecution, cannot be relitigated so as to avoid the intentional acts exclusion of an insurance policy. *Poole v. State Farm Fire & Casualty Co.,* 941 F.Supp. 964 (D.Colo. 1996).

When a complaint alleges both negligence and intentional torts, the allegations of negligence in the complaint do not necessarily invoke the duties of the insurer to defend or indemnify the insured under a homeowner's policy which incorporates an intentional torts exclusion provision. *Allstate Insurance Co. v. Troelstrup, supra.* Moreover, a liability insurer has no duty either to defend or indemnify if it can establish that the factual allegations in the underlying complaint reveal a situation that is solely and entirely within the policy's exclusions. *Allstate Insurance Co. v. Juniel,* 931 P.2d 511 (Colo.App.1996).

An insurer that believes that it is under no obligation to defend may provide a defense to the insured under a reservation of its rights or file a declaratory judgment action after the underlying case has been adjudicated. *Hecla Mining Co. v. New Hampshire Insurance Co.,* 811 P.2d 1083 (Colo. 1991). The actual liability of the insured to the claimant is not the criterion which determines the insurance company's obligation to defend. *Farmers Insurance Exchange v. American Manufacturers Mutual Insurance Co.,* 897 P.2d 880 (Colo.App.1995).

Here, the trial court, relying on *Troelstrup,* concluded that Colorado Farm was entitled to judgment as a matter of law. The court declared that there was no insurance coverage for Lovin's continuing acts against the victim because the uncontroverted conduct of Lovin fell under the intentional acts exclusion within the subject insurance policy. The court then held that Colorado Farm had no duty to defend or indemnify Lovin because the factual allegations of the complaint revealed a situation within the exclusions of the insurance policy. We agree with that analysis.

The facts in *Troelstrup* are similar to those here. Both cases involve sexual assault on a child, a defendant convicted of sexual assault, a homeowner's policy with an intentional acts exclusion, a complaint with allegations of negligence and intentional torts, the filing of a declaratory action by an insurance company, and an entry of summary judgment in favor of the insurance company.

Here, as in *Troelstrup, supra,* and its progeny, *Nikolai v. Farmers Alliance Mutual Insurance Co., supra* and *Swentkowski v. Dawson, supra,* intent to harm is inferred as a matter of law when defendant has engaged in sexual misconduct with a child. Furthermore, allegations of negligence in this complaint will not invoke the duties of the insurer to defend or indemnify an insured under a homeowner's policy which incorporates an exclusion for intentional acts.

The Snowbargers advance three major arguments to refute the trial court's holding that Colorado Farm was entitled to judgment as a matter of law.

First, they contend that the intentional injury exclusion provision in the homeowner's policy is ambiguous. However, an identical intentional injury exclusion clause has been upheld and has been deemed not to be ambiguous. *See American Family Mutual Insurance Co. v. Johnson*, 816 P.2d 952 (Colo. 1991). Thus, we reject this argument.

Secondly, the Snowbargers contend that the presence of a negligence claim in the complaint coupled with the mere possibility that coverage existed under the policy invokes Colorado Farm's duty to defend. We disagree.

A duty to defend arises when the underlying complaint alleges any facts that might fall within the coverage of the policy. *Hecla Mining Co. v. New Hampshire Insurance Co., supra.* However, here, the only facts recited in the complaint concern the repeated acts of sexual assault. There are no factual allegations provided in the complaint to substantiate a negligence theory or any other theory which might otherwise fall within the coverage of the policy. Hence, since the complaint fails to allege any facts that might fall within the coverage of the policy, Colorado Farm has no duty to defend or indemnify.

Lastly, the Snowbargers contend that the summary judgment improperly focuses on the duty to defend and indemnify rather than on the earlier default judgment imposing liability on Lovin for negligence and negligent parenting. They assert that the actual liability of the insured is the proper criterion which places upon the insurance company the obligation to defend. Thus, they contend that this declaratory action is simply a vehicle used by Colorado Farm to disguise its collateral attack on the default judgment. We disagree.

The actual liability of the insured to the claimant is not the criterion which places upon the insurance company the obligation to defend. Hence, the default judgment on the claims of negligence and negligent parenting is not dispositive of Colorado Farm's duty to defend. Rather, the obligation to defend arises from the factual allegations in the complaint. *See Hecla Mining Co. v. New Hampshire Insurance Co., supra; Allstate Insurance Co. v. Juniel, supra.*

Since the factual allegations in this complaint unquestionably implicate the intentional acts exclusion of the insurance policy, Colorado Farm had no duty to defend or indemnify. *See Allstate Insurance Co. v. Troelstrup, supra.* Also, Colorado Farm had no duty to defend or indemnify since there are no factual allegations in the complaint to support any other claims covered under the policy. *See Hecla Mining Co. v. New Hampshire Insurance Co., supra.*

Furthermore, Colorado Farm had no duty to indemnify here because the damages claimed as a result of Lovin's negligence actually stemmed directly from the sexual assaults which fall within the intentional acts exclusion of the policy. *Gerrity Co. v. CIGNA Property & Casualty Insurance Co.*, 860 P.2d 606 (Colo.App.1993).

Also, contrary to the Snowbargers' argument, Colorado Farm properly may file a declaratory action concerning the prior adjudication. *See Hecla Mining Co. v. New Hampshire Insurance Co., supra. See also Constitution Assoc. v. New Hampshire Insurance Co.*, 930 P.2d 556 (Colo.1996)(in the discretion of the trial court, declaratory judgment action may be brought before underlying litigation has ended). The Snowbargers' attempts to distinguish the holdings of *Troelstrup* and *Nikolai*, on the grounds that, here, they tendered a defense subject to reservation of rights as Colorado Farm sat idly by while this case proceeded, are misplaced. Here, Colorado Farm had the right to defend subject to reservation of rights or to file a declaratory action after the case was adjudicated. *See Hecla Mining Co. v. New Hampshire Insurance Co., supra. See also Constitution Assoc. v. New Hampshire Insurance Co., supra.*

Finally, by filing this declaratory action, Colorado Farm is not collaterally attacking the default judgment. Rather, Colorado Farm, while admitting the validity of the default judgment, *see DeBoer v. District Court*, 184 Colo. 112, 518 P.2d 942 (1974), notes that it is not bound to satisfy the judgment because inherent in the judgment

is a determination, as a matter of law, that the insured intended to harm the victim.

Accordingly, the judgment of the trial court is affirmed.

PLANK and RULAND, JJ., concur.