**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENND CIRCUIT

_____

WILLIAM R. POOLE,                          )
                                           )
                Plaintiff-Appellant,       )
                                           )          No. 96-1531
vs.                                        )       (D.C. No. 95-B-1711)
                                           )          (D. Colo.)
STATE FARM FIRE AND                        )
CASUALTY COMPANY,                          )
                                           )
                Defendant-Appellee.        )

_____

ORDER AND JUDGMENT[*]

_____

Before BRORBY, McWILLIAMS, and KELLY, Circuit Judges.

_____

Plaintiff-appellant William R. Poole appeals from the district court's grant of

summary judgment in this diversity case. The district court held that under Colorado law

Mr. Poole's conviction for first-degree murder precluded him from relitigating the issue

of his intent in this insurance coverage litigation.  Our jurisdiction arises under 28 U.S.C.

§ 1291 and we affirm.

---

[*]This order and judgment is not binding precedent, except under doctrines of law
of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions set forth in 10th Cir. R. 36.3.

The facts of this case are set out in the district court's published decision, <u>Poole v. State Farm Fire & Cas. Co.</u>, 941 F. Supp. 964, 965 (D. Colo. 1996); because the parties are familiar with them, we refer to them only when necessary. We review the district court's grant of summary judgment de novo, applying the same standard as the district court. <u>See</u> <u>Metro Oil Co. v. Sun Refining & Mktg. Co.</u>, 936 F.2d 501, 503 (10th Cir. 1991) (quotations and citations omitted). Where, as here, no material facts are disputed, we must only determine whether the substantive law of the case was correctly applied by the district court. <u>See</u> <u>Kaul v. Stephan</u>, 83 F.3d 1208, 1212 (10th Cir. 1996).

Mr. Poole initially argues that because Arizona's standards for criminal and civil insanity differ, Arizona law implicitly requires adjudication of civil insanity when the issue is properly raised in insurance coverage litigation, whether or not criminal insanity was actually raised or litigated in a prior criminal proceeding. We do not reach this issue because Mr. Poole did not properly preserve it for appeal. Generally, a federal appellate court will not consider an issue raised for the first time on appeal. <u>See</u> <u>Singleton v. Wulff</u>, 428 U.S. 106, 120 (1976); <u>Tele-Communications, Inc. v. Commissioner</u>, 104 F.3d 1229, 1232 (10th Cir. 1997) . We have examined Mr. Poole's references to the record in support of this argument and none of them address the distinction between Arizona criminal and civil insanity standards which we are asked to examine.

Next, Mr. Poole challenges the district court's determination that Colorado's collateral estoppel doctrine conclusively precludes him from presenting evidence relating

2

to his mental state. In Colorado, to estop relitigation of an issue, a party must show that (1) the issues in the prior and present litigation are identical, (2) there was a final judgment on the merits in the prior litigation, (3) the party to be estopped was a party or in privity with a party in the previous litigation, and (4) the party to be estopped had a full and fair opportunity to litigate the issue in the previous litigation. See Pomeroy v. Waitkus, 517 P.2d 396, 399 (Colo. 1973) (en banc).

The Colorado Supreme Court has given preclusive effect in a lawyer disciplinary proceeding to a trial court's finding in a child support proceeding that an attorney's failure to pay child support was willful when the attorney's willfulness was proven by clear and convincing evidence or beyond a reasonable doubt. See People v. Kolenc, 887 P.2d 1024, 1026 (Colo. 1994); see also People v. Tucker, 837 P.2d 1225, 1228 (Colo. 1992) (finding of willfulness in criminal contempt proceeding given preclusive effect in lawyer disciplinary proceeding). Though not mentioning collateral estoppel, the Colorado Court of Appeals has held that adjudication of delinquency is sufficient to establish a conclusive presumption of intent in an insurance coverage action when intent is an element of the offense in the delinquency action. See Swentkowski v. Dawson, 881 P.2d 437, 440 (Colo. Ct. App. 1994).

Mr. Poole relies upon earlier Colorado cases not cited by the cases above holding that "a verdict of guilty or acquittal in a criminal case is not conclusive evidence on the same, or substantially the same, facts in a civil case, but is merely prima facie evidence of

3

those facts, having the legal effect of shifting the burden of going forward with the evidence." Approximately Fifty-Nine Gambling Devices v. People ex. rel. Burke, 130 P.2d 920, 922 (Colo. 1942); see North River Ins. Co. v. Militello, 67 P.2d 625, 626-27 (Colo. 1937). He contends that these cases require that he be allowed to present evidence of his mental state.

We believe that the more recent line of authority deciding the issue in terms of collateral estoppel is consistent with what Colorado courts would hold today. First, the older rule that originated in Militello was limited to judgments of conviction within a decade after it was announced. See Harper v. Blasi, 151 P.2d 760, 761 (Colo. Ct. App. 1944). More importantly, however, the origination and development of collateral estoppel in Colorado law occurred much later. See Pomeroy, 517 P.2d at 399 n.1 (citing, inter alia, Murphy v. Northern Colo. Grain Co, 488 P.2d 103 (Colo. Ct. App. 1971)). Though the matter is not entirely free from doubt given the earlier authority, our forecast of how Colorado courts would rule must take into account the advent of collateral estoppel and the safeguards it affords.

Mr. Poole argues that the district court erred in finding that State Farm established the elements of Colorado's collateral estoppel doctrine. Specifically, Mr. Poole asserts (1) there was no final judgment on the issue of insanity, (2) he did not have a full and fair opportunity to litigate the issue of insanity in his criminal case, and (3) the issue of

4

insanity and intent in the civil case is not identical to the issue of intent decided in the criminal case. We find these arguments without merit, and deal with each briefly.

As a threshold matter, we disagree with Mr. Poole's assertion that insanity is the "issue" which must be determined in this litigation. The real issue controlling this litigation is Mr. Poole's intent to harm Nathan Mosher. Under State Farm's homeowner policy, coverage is denied for acts "intended by [the] insured[.]" Aplt. App. 61. A determination that Mr. Poole intended to harm Nathan Mosher excludes coverage under the policy and disposes of this litigation. Thus, the sole question before us is whether the jury's finding of intent in Mr. Poole's criminal conviction for first degree murder estops him from relitigating the issue of intent here.

With this in mind, we believe the elements of collateral estoppel were established. The issue of intent was necessarily decided by the jury in the criminal trial. As the district court noted, in returning a verdict of guilty against Mr. Poole, the jury found, beyond a reasonable doubt, that Mr. Poole acted with the "conscious objective" to kill Mr. Mosher "after the exercise of reflection and judgment." See Poole, 941 F. Supp. at 967. Mr. Poole's failure to raise an insanity defense does not negate this finding. Thus, Mr. Poole's argument that there was no final judgment on the merits on the issue of insanity is wholly irrelevant, since there was a final judgment on the merits on the issue of Mr. Poole's intent to kill Mr. Mosher.

5

For similar reasons, we find Mr. Poole's arguments regarding the lack of identity of issue unavailing. In both the criminal and civil trial, Mr. Poole's opposing party had to establish Mr. Poole's intent to kill Mr. Mosher in order to prevail. Again, Mr. Poole's assertion that the issue of insanity is not identical to that of intent is unavailing because the issue to be estopped in this litigation is Mr. Poole's intent to harm Mr. Mosher. Moreover, we are not persuaded that the differing standards of criminal and civil intent warrant a departure from the application of collateral estoppel. The jury's verdict against Mr. Poole necessarily included a finding beyond a reasonable doubt that Mr. Poole acted with conscious objective to kill Mr. Mosher. See Poole, 941 F. Supp. at 967. We are not persuaded that the district court's application of that finding to the issue of intent to harm Mr. Mosher, which requires only a finding by a preponderance of the evidence, was an improper application of Colorado law. See Leahy v. Guaranty Nat'l Ins. Co., 907 P.2d 697, 700 (Colo. Ct. App. 1995) (finding issue of bad faith identical to issue of willful and wanton conduct, despite differing standards used for each, for purposes of collateral estoppel).

Nor do we agree that Mr. Poole did not have a full and fair opportunity to litigate the issue of insanity. Mr. Poole had adequate incentive to raise an insanity or impaired mental capacity defense as a defendant charged with first-degree murder. Moreover, we agree with the district court that if Colorado law recognizes the "unraised affirmative defense" exception to the application of collateral estoppel which Mr. Poole urges upon

6

us, it would only extend to those affirmative defenses which would not be inconsistent with a prior judgment on an issue. See Poole, 941 F. Supp. at 968 (discussing Pomeroy, 517 P.2d at 399). Because a finding that Mr. Poole was legally insane would be inconsistent with the jury's finding that Mr. Poole intentionally killed Mr. Mosher in the criminal trial, we agree that Pomeroy's apparent exception to the collateral estoppel doctrine for unraised affirmative defenses would not apply here.

Finally, Mr. Poole asserts the district court improperly relied on Swentkowski v. Dawson, 881 P.2d 437 (Colo. Ct. App. 1994), to conclusively bar him from presenting evidence relating to his intent. He argues that under Colorado law, the presumption of intent arising from an act which is virtually certain to cause injury is rebuttable upon a showing that the insured lacks the mental capacity to act rationally. See Mangus v. Western Cas. & Surety Co., 585 P.2d 304, 306 (Colo. Ct. App. 1978). We need not reach this issue because we find no error in the district court's interpretation and application of Colorado issue preclusion principles.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

7