**L.E. PURSELL, Plaintiff-Appellee,**

v.

**Durrell HULL and Neda Hull, Defendants-Appellants.**

**No. 84CA1034.**

Colorado Court of Appeals, Div. II.

Sept. 19, 1985.

Harden, Schmidt & Hass, P.C., Jeannine S. Haag, Denver, for plaintiff-appellee.

William G. Kaufman, Denver, for defendants-appellants.

STERNBERG, Judge.

This is an appeal from the grant of plaintiff's motion for summary judgment. We reverse and remand with directions.

Plaintiff, a landlord, commenced this action seeking $2,410.02 for breach of a lease by his tenants, the defendants. The defendants timely filed an answer and counterclaim. On April 26, 1984, plaintiff mailed the defendants a copy of "Plaintiff's First Request for Admissions and Interrogatories to Defendants." Then, on June 12, 1984, plaintiff filed with the court a motion for summary judgment, together with a brief and affidavit, alleging, *inter alia*, that the defendants had failed to respond to the request for admissions and interrogatories and contending that therefore the requests for admissions should be deemed admitted.

On June 25, 1984, the defendants filed their answers to plaintiff's interrogatories and request for admissions. They also filed a motion for extension of time and to permit late filing of denial of admissions, alleging a need for additional time to secure affidavits to oppose the summary judgment motion. They therefore requested that an extension be granted to August 1, 1984. Plaintiff objected to the late filing of the admissions and request for extension of time to August 1, 1984; however, he stated that he had no objection to granting defendants an extension of time to July 12, 1984, in which to respond to the motion for summary judgment.

On July 12, 1984, the trial court issued an order permitting the late filing of defendants' response to the requests for admissions and interrogatories, denying defendants' motion for extension of time in which to respond to the motion for summary judgment, and granting plaintiff's motion for summary judgment.

The defendants contend that the trial court erred in denying their motion for additional time within which to respond to plaintiff's motion for summary judgment. We agree.

The trial court did not deny the defendants' motion for extension of time until July 12, 1984, the date on which summary judgment was granted. The failure to rule on defendants' motion until the date the trial court granted summary judgment and the subsequent denial of the motion for extension of time constituted an abuse of discretion by the trial court. *See Mitchell v. Espinoza*, 125 Colo. 267, 243 P.2d 412 (1952).

The summary judgment is reversed, and the cause is remanded to the trial court with directions to enter an order granting defendants a reasonable amount of time within which to respond to plaintiff's motion for summary judgment after which the court may consider the motion.

SMITH and VAN CISE, JJ., concur.