A–1 AUTO REPAIR & DETAIL,
INC., Plaintiff–Appellee

v.

Angela BILUNAS–HARDY, f/k/a Angela
Olsen–Hardy, Defendant–Appellant.

No. 02CA0036.

Colorado Court of Appeals,
Div. V.

April 22, 2004.

Goldman, Robbins & Rogers, LLC, Lindsey K.S. Nicholson, Durango, Colorado, for Plaintiff–Appellee.

Meinert & Hodges, L.L.C., Timothy A. Meinert, Dillon, Colorado, for Defendant–Appellant.

Opinion by Judge PICCONE.

In this case involving claims for conversion and civil theft, defendant, Angela Bilunas–Hardy, appeals the summary judgment entered in favor of plaintiff, A–1 Auto Repair & Detail, Inc. We affirm.

Hardy was hired as a secretary by A–1. Her duties included collecting payments from customers, paying the bills, making deposits, and preparing and issuing payroll checks. After Hardy terminated her employment, A–1 discovered that Hardy had overpaid herself on her last paycheck. A–1 retained an accountant, who determined Hardy overpaid

herself $5,749.25 during her employment. A–1 also discovered approximately sixty-nine job invoices were missing. The invoices were marked "paid cash." The cash from payment of these invoices was never deposited into A–1's bank account. A–1 alleged Hardy took the cash paid by the customers, destroyed A–1's records of the jobs, and kept the cash.

Hardy was prosecuted for two counts of theft and was found guilty. The conviction was affirmed on appeal. *People v. Bilunas*, 2003 WL 253170 (Colo.App. No. 01CA0752, Feb. 6, 2003)(not published pursuant to C.A.R. 35(f))(*cert. granted* Oct. 6, 2003), 2003 WL 22283851 (Colo.).

A–1 commenced this action against Hardy for conversion and civil theft. Based upon collateral estoppel, A–1 moved for summary judgment on its claim for conversion of payroll overpayments and the amount of cash associated with the missing invoices. A–1 also sought treble damages, attorney fees, and costs pursuant to the civil theft statute, § 18–4–405, C.R.S.2003.

The trial court granted A–1's motion for summary judgment, applying collateral estoppel only to the issue of liability for conversion of payroll overpayments. With regard to conversion for the missing invoices, civil theft, and the determination of damages, the trial court found there was no genuine issue of material fact, granted summary judgment, and awarded damages, treble damages, and attorney fees.

## I.

Hardy contends Colorado law does not allow courts to apply collateral estoppel, now commonly known as the doctrine of issue preclusion, when the first adjudication is criminal and the subsequent litigation is civil. We disagree.

### A. Summary Judgment

Summary judgment is a drastic remedy and should only be granted if there is a clear showing that no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo.1999). We review orders granting summary judgment de novo. *McIntyre v. Bd. of County Comm'rs*, 86 P.3d 402 (Colo.2004).

### B. Collateral Estoppel or Issue Preclusion

Initially, we note that the terms collateral estoppel and issue preclusion are now used interchangeably. The modern trend is to use the term issue preclusion rather than collateral estoppel. *See Byrd v. People*, 58 P.3d 50, 53 n. 3 (Colo.2002)("We prefer to use the terms 'claim preclusion' and 'issue preclusion' rather than 'res judicata' and 'collateral estoppel.'").

The doctrine of collateral estoppel or issue preclusion holds that a court's final decision on an issue actually litigated and decided precludes litigation of that issue in subsequent actions. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973). Issue preclusion permits a plaintiff to foreclose a defendant from relitigating an issue previously lost by that defendant in another action. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

Issue preclusion is intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84 (Colo.1999)(quoting *Salida Sch. Dist. R–32–J v. Morrison*, 732 P.2d 1160, 1163 (Colo.1987), and *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)).

In *Pomeroy, supra*, the supreme court held that under issue preclusion, "the final decision of a court on an issue actually litigated and determined is conclusive of that issue in *any* subsequent suit." *Pomeroy, supra*, 183 Colo. at 350, 517 P.2d at 399 (emphasis added). None of the Colorado cases applying issue preclusion have indicated any intent to limit its application to civil cases as Hardy contends. We conclude that a party to a civil action may invoke the doctrine of issue preclusion against a former criminal defendant to preclude him or her from relitigating an issue decided in the criminal prosecution.

To preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from relitigating such an issue in successive civil trials, for there are rigorous safeguards against unjust conviction, including the requirements of proof beyond a reasonable doubt and of a unanimous verdict, the right to counsel, and a record paid for by the state on appeal. Stability of judgments and expeditious trials are served and no injustice done, when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards.

*Teitelbaum Furs, Inc. v. Dominion Ins. Co.,* 58 Cal.2d 601, 606, 25 Cal.Rptr. 559, 375 P.2d 439, 441 (1962) (citations omitted).

The clear trend of Colorado cases is not to limit the application of issue preclusion to purely civil or purely criminal proceedings.

The Colorado Supreme Court has given preclusive effect in an attorney disciplinary proceeding to a trial court's finding in a child support proceeding that the attorney's failure to pay child support was willful. *See People v. Kolenc,* 887 P.2d 1024, 1026 (Colo.1994); *see also People v. Tucker,* 837 P.2d 1225 (Colo.1992)(conclusion in criminal contempt proceeding that attorney willfully failed to pay child support would preclude litigation of willfulness issue in disciplinary proceeding). Further, the supreme court has precluded relitigation of issues decided in an arbitration proceeding so long as the traditional issue preclusion test has been met. *Guar. Nat'l Ins. Co. v. Williams,* 982 P.2d 306 (Colo. 1999); *see also Dale v. Guar. Nat'l Ins. Co.,* 948 P.2d 545 (Colo.1997); *Quist v. Specialties Supply Co.,* 12 P.3d 863 (Colo.App.2000)(the principles of issue preclusion apply to arbitration proceedings). And issue preclusion applies to administrative proceedings in which the agency is acting in a quasi-judicial role. *Salida Sch. Dist. R–32–J v. Morrison, supra,* 732 P.2d at 1163; *see also Pub. Serv. Co. v. Van Wyk,* 27 P.3d 377 (Colo.2001); *Sunny Acres Villa, Inc. v. Cooper,* 25 P.3d 44 (Colo.2001)(preclusion extends to an administrative agency's finding of fact and conclusion of law).

When intent is an element of the offense, an adjudication of delinquency has been held sufficient to establish a conclusive presumption of intent in an insurance coverage action because adjudication of delinquency requires a higher burden of proof and constitutional protections not present in most civil cases. *Swentkowski v. Dawson,* 881 P.2d 437 (Colo. App.1994); *see also Colo. Farm Bureau Mut. Ins. Co. v. Snowbarger,* 934 P.2d 909 (Colo. App.1997)(when the issue of intent is finally decided in previous criminal prosecution, it cannot be relitigated to avoid the intentional acts exclusion of an insurance policy); *State Farm Fire & Cas. Co. v. Mason,* 697 P.2d 793 (Colo.App.1984)(dismissal of arson charges against the insured in criminal action did not collaterally estop insurer from filing a petition for declaratory judgment where the insurer was not in privity with the prosecutor).

The United States District Court for the District of Colorado, construing Colorado law, also has applied the doctrine of issue preclusion where the first adjudication was criminal and the subsequent litigation was civil. In *Poole v. State Farm Fire & Casualty Co.,* 941 F.Supp. 964 (D.Colo.1996), *aff'd,* 125 F.3d 862 (10th Cir.1997), the plaintiff was convicted of first degree murder. The victim's estate sued for wrongful death. The plaintiff brought a civil action against its insurer seeking a defense and indemnity. The district court granted summary judgment in favor of the insurer under its policy exclusion for "intentional acts causing bodily injury," concluding the plaintiff's intent was decided in his criminal trial. "To determine in this action that [the plaintiff] did not act with the requisite intent ... would be to hold that the jury in the criminal trial was wrong, which is not permitted under the doctrine of issue preclusion." *Poole, supra,* 941 F.Supp. at 968; *see also Colo. Farm Bureau Mut. Ins. Co., supra.*

Further, substantial case law from other jurisdictions supports our conclusion. Courts in at least twenty states and the District of Columbia have held that a party to a civil action may invoke issue preclusion to preclude a criminal defendant from relitigating issues decided in the criminal prose-

cution. At least five federal circuit courts have ruled similarly. *See, e.g., Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38 (2d Cir.1986); *Compton v. Ide,* 732 F.2d 1429, 1434 (9th Cir.1984), *abrogated on other grounds by Agency Holding Corp. v. Malley–Duff & Assocs., Inc.,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987); *Wolfson v. Baker,* 623 F.2d 1074, 1077–81 (5th Cir.1980); *Cardillo v. Zyla,* 486 F.2d 473, 475–76 (1st Cir.1973); *Scott v. Robertson,* 583 P.2d 188, 191–92 (Alaska 1978); *Teitelbaum Furs, Inc. v. Dominion Ins. Co., supra,* 58 Cal.2d at 607, 25 Cal.Rptr. at 562, 375 P.2d at 442 ("any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action"); *Ross v. Lawson,* 395 A.2d 54, 57 (D.C.1978); *Aetna Cas. & Sur. Co. v. Niziolek,* 395 Mass. 737, 481 N.E.2d 1356 (1985); *Ill. Farmers Ins. Co. v. Reed,* 662 N.W.2d 529 (Minn.2003); *Travelers Ins. Co. v. Thompson,* 281 Minn. 547, 163 N.W.2d 289 (1968); *Aetna Life & Cas. Ins. Co. v. Johnson,* 207 Mont. 409, 673 P.2d 1277, 1280 (1984); *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965); *see also* Restatement of Judgments § 85(2) (1982)(issues determined in a criminal prosecution in favor of the prosecution are preclusive in a civil action against the defendant arising from the criminal prosecution).

The Colorado Rules of Evidence provide for the admissibility of evidence of a criminal conviction in a civil proceeding. CRE 803(22) provides an exception to the hearsay rule for "[e]vidence of a final judgment, entered after a trial or upon a plea of guilty or *nolo contendere,* adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment."

Accordingly, we hold that issue preclusion will bar litigation in a civil trial of an issue that has been previously litigated in a criminal trial, provided the requisites for the application of issue preclusion are satisfied.

### C. Application to Present Case

■ In Colorado, four elements must be satisfied for a court to apply issue preclusion. The proponent of issue preclusion must dem-

onstrate that: (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) there was a final judgment on the merits; (3) the party against whom issue preclusion is asserted was a party to, or was in privity with a party to, the prior proceeding; and (4) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *See Bebo Constr. Co., supra; Michaelson v. Michaelson,* 884 P.2d 695 (Colo.1994); *Pomeroy, supra,* 183 Colo. at 351, 517 P.2d at 399. Only the first and fourth elements are disputed here.

### 1. Identical Issue Actually Litigated

■ To be actually litigated, an issue must have been raised by the parties in the prior action. *Michaelson, supra; Pomeroy, supra.* The issue to be precluded must be identical to the issue that was actually and necessarily decided in the prior action. *Michaelson, supra.*

Hardy argues the issues in the criminal and civil cases were different. However, this argument reflects her misunderstanding of the trial court's order, which only applied issue preclusion to Hardy's liability for conversion of payroll overpayments. The court did not apply issue preclusion to any issue concerning the missing invoices, because that issue was not litigated in the criminal proceeding.

The elements of theft pursuant to § 18–4–401 are that the defendant knowingly obtained or exercised control over anything of value of another without authorization, with the intent to deprive the other person permanently of the use or benefit of the thing of value.

■ Conversion is defined as "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Byron v. York Inv. Co.,* 133 Colo. 418, 424, 296 P.2d 742, 745 (1956).

■ We conclude the conversion issue here—that Hardy exercised unauthorized possession of the overpayments belonging to

A–1—is identical to the issue actually litigated in the criminal proceeding. Therefore the first condition for issue preclusion is satisfied.

### 2. Full and Fair Opportunity to Litigate the Issue

■ In *Bebo Construction Co., supra,* the supreme court set forth the following three factors to consider in determining whether a party has received a full and fair opportunity to litigate an issue in an earlier action: (1) whether the remedies and procedures of the earlier action are substantially different from those in the action in which issue preclusion is asserted; (2) whether the party against whom issue preclusion is sought, or one in privity with that party, had sufficient incentive to litigate vigorously; and (3) the extent to which the issues are identical.

Here, all three factors are satisfied. The remedies and procedures in a criminal case are substantially more stringent than those in a civil case. *See Sunny Acres Villa, Inc. v. Cooper, supra.* Hardy had incentive to fully litigate and defend herself in the proceeding where her liberty was at stake, and, as discussed above, the elements of theft include the elements of conversion. Therefore we conclude she had a full and fair opportunity to litigate.

Accordingly, we conclude the trial court properly applied issue preclusion to the issue of Hardy's liability for theft through payroll overpayments.

### II.

Next, Hardy argues the court erred by granting summary judgment on the payroll overpayment claim in the amount of $5,749.25, because genuine issues of material fact existed as to the amount of damages that exceeded restitution in the criminal case. Hardy also argues the trial court erred in granting summary judgment for $13,830.51 on A–1's conversion claim for the missing cash from the invoices. We disagree.

■ The purpose of summary judgment is "to permit the parties to pierce the formal allegations of the pleadings and save the time and expense connected with a trial when, as a matter of law, based on undisputed facts, one party could not prevail." *Mt. Emmons Mining Co. v. Town of Crested Butte,* 690 P.2d 231, 238 (Colo.1984)(quoting *Ginter v. Palmer & Co.,* 196 Colo. 203, 205, 585 P.2d 583, 584 (1978)). All doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party. *Jones v. Dressel,* 623 P.2d 370 (Colo.1981).

■ A genuine issue cannot be raised simply by means of argument. Once the movant has made a convincing showing that genuine issues of fact are lacking, the nonmoving party must demonstrate by admissible facts that a real controversy exists. *Hauser v. Rose Health Care Sys.,* 857 P.2d 524, 527 (Colo.App.1993).

■ Under C.R.C.P. 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon mere allegations or denials of the opposing party's pleadings, but the opposing party's response by affidavits or otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." An affirmative showing of specific facts, uncontradicted by any counteraffidavits, requires a trial court to conclude that no genuine issue of material fact exists. *Civil Serv. Comm'n v. Pinder,* 812 P.2d 645, 650 (Colo.1991).

Here, Hardy argues that the court disregarded the fact that the criminal court ordered restitution in the amount of $2,849.59, not $5,749.25. However, the trial court concluded Hardy owed A–1 $5,749.25 in damages, as a matter of law, based on the uncontested evidence A–1 submitted with its motion for summary judgment. Thus, the court did not rely on issue preclusion in granting summary judgment on the amount of damages.

In support of its summary judgment motion, A–1 submitted three affidavits. In response, Hardy submitted a mittimus, a minute order, a proposed restitution order, and an affidavit of her attorney. None of Hardy's exhibits contained information sufficient to raise a genuine issue of material fact as to

the amount of damages A–1 asserted it was owed on the claim for payroll overpayment.

Likewise, none of Hardy's exhibits raised a genuine issue of material fact as to the cash invoices. A–1 presented the court with two affidavits that detailed Hardy's involvement in the retention of the cash payments. One stated Hardy retained a total of $13,830.51. Although Hardy argued A–1's witnesses were not credible on this point, she failed to set forth specific facts to contradict their testimony. Accordingly, the trial court did not err in granting summary judgment on this issue either.

We reject Hardy's argument that the trial court improperly shifted the burden of establishing the absence of material fact to her, the nonmoving party.

■ The party moving for summary judgment has the initial burden to show that there is no genuine issue of material fact. *AviComm, Inc. v. Colo. Pub. Utils. Comm'n,* 955 P.2d 1023, 1029 (Colo.1998). Once the moving party has met its initial burden, the burden shifts to the nonmovant to establish a genuine issue of material fact. *AviComm, Inc. v. Colo. Pub. Utils. Comm'n, supra.*

Here, the trial court first determined that A–1 had established by affidavits and issue preclusion that no genuine issue of material fact existed. Thus, the trial court correctly applied the summary judgment standard. *See Hauser, supra,* 857 P.2d at 527; *see also DiLeo v. Koltnow,* 200 Colo. 119, 126–27, 613 P.2d 318, 324 (1980)(summary judgment proper where nonmoving party failed to submit opposing affidavits, interrogatories, or any supporting documents).

### III.

Next, Hardy contends the trial court erred in awarding treble damages and attorney fees under § 18–4–105, C.R.S.2003. We disagree. Because the trial court was undoubtedly referencing § 18–4–405, not § 18–4–105, Hardy has no basis for her contention.

In its order granting summary judgment, the trial court mistakenly referred to § 18–4–105, but quoted language from § 18–4–405 as follows:

All property obtained by theft ... shall be restored to the owner.... In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees....

■ Section 18–4–405 provides "independent [civil] remedies to the owner of stolen property." *In re Marriage of Allen,* 724 P.2d 651, 658 (Colo.1986). To be awarded treble damages, attorney fees, and costs under § 18–4–405, a plaintiff need only prove the defendant committed acts constituting one of the statutory crimes of theft. *Itin v. Ungar,* 17 P.3d 129 (Colo.2000).

Here, through the application of issue preclusion, the trial court properly concluded that Hardy committed theft of A–1's property. The trial court likewise properly awarded treble damages and fees under § 18–4–405.

### IV.

Hardy argues the trial court erred in denying her request for additional discovery before ruling on A–1's motion for summary judgment. We are not persuaded.

C.R.C.P. 56(f) provides, in pertinent part:

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the opposing party cannot for reasons stated present by affidavit facts essential to justify its opposition, the court ... may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had....

■ Whether to grant a request for discovery pursuant to C.R.C.P. 56(f) lies within the discretion of the trial court. It is not an abuse of discretion to deny a C.R.C.P. 56(f) request if the movant has failed to demonstrate that the proposed discovery is necessary and could produce facts that would preclude summary judgment. *Keybank v. Mascarenas,* 17 P.3d 209, 215 (Colo. App.2000); *see also Sundheim v. Bd. of County Comm'rs,* 904 P.2d 1337 (Colo.App. 1995), *aff'd,* 926 P.2d 545 (Colo.1996).

Here, the trial court found Hardy's request for additional time to conduct discovery unpersuasive. Hardy filed her motion nearly two and a half years after she filed her answer. During this time Hardy was involved in the criminal case dealing with the identical claims, yet she could not produce any evidence to contradict A–1's facts supporting summary judgment. Accordingly, we conclude the trial court did not abuse its discretion in denying Hardy's motion.

The judgment is affirmed.

Judge CASEBOLT and Judge ROY concur.