James **BAILEY**, Nancy Bailey, Rhonda Busch/Morgan, Ronald Morgan, Gary Galloway, Judith Galloway, John Gorton, Karla Gorton, Howard Dwight Sanders, and Linda Sanders, Plaintiffs–Appellants,

v.

**AIRGAS–INTERMOUNTAIN, INC.;** Dennis Schaefers, Airgas District Sales Manager; Glen Austin, Airgas General Sales Manager; Kathy Garner, Airgas Director of Safety; and Ted Naanes, Airgas Assistant Director of Safety, Defendants–Appellees.

No. 09CA1125.

Colorado Court of Appeals, Div. IV.

May 13, 2010.

Rehearing Denied June 17, 2010.

Freeman & Freeman, P.C., Martin H. Freeman, Aspen, Colorado; Kathy Goudy, Carbondale, Colorado, for Plaintiffs–Appellants.

Holland & Hart LLP, Scott S. Barker, Jonathan S. Bender, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge WEBB.

This case presents an issue of summary judgment practice unresolved in Colorado: when a trial court properly rejects a C.R.C.P. 56(f) affidavit, may the court simultaneously enter summary judgment, or must it first afford the nonmovant an opportunity to address the merits of the motion? We conclude that although a trial court may collapse its denial of C.R.C.P. 56(f) relief into entry of summary judgment, such action is reviewable for an abuse of discretion. On the particular facts presented, we further conclude that the trial court did not abuse its discretion in doing so.

Plaintiffs, James Bailey, Nancy Bailey, Rhonda Busch–Morgan, Ronald Morgan, Gary Galloway, Judith Galloway, John Gorton, Karla Gorton, Howard "Dwight" Sanders, and Linda Sanders (employee-plaintiffs), and their spouses appeal the trial court's entry of summary judgment in favor of de-

fendants, Airgas–Intermountain, Inc., employee-plaintiffs' former employer, and four Airgas supervisors, Dennis Schaefers, Glen Austin, Kathy Garner, and Ted Naanes (collectively, Airgas). Judgment was entered on the basis of the exclusivity provision of the Workers' Compensation Act of Colorado, § 8–41–102, C.R.S.2009(WCA).

## I. FACTS

Airgas leases office space in a building that allegedly was contaminated by mold. The employee-plaintiffs assert that they became ill from exposure to mold while working for Airgas in this office. Their spouses allege loss of consortium associated with these injuries. Other defendants, who were owners or managers of the building, are not parties to this appeal, nor are the other plaintiffs, who also occupied the building but did not work for Airgas.[1]

Sixty days after the complaint was filed and following two extensions, Airgas moved under C.R.C.P. 12(b)(5) for "partial dismissal," asserting that WCA exclusivity barred all of plaintiffs' claims and that one claim did not comply with C.R.C.P. 9(b).[2] The motion did not dispute the employee-plaintiffs' alleged injuries from purported mold contamination.

■ In their opposition, plaintiffs asserted that relief based on WCA exclusivity could be granted only under C.R.C.P. 56:

> The Airgas Plaintiffs Group's affidavit of their counsel is attached hereto as Exhibit A, and incorporated herein. The affidavit demonstrates that depositions, interrogatories and requests for production are essential for this group of Plaintiffs to be able to fairly respond to the Airgas Defendants' Motion for Summary Judgment based on Workers' Compensation exclusivity.
>
> Accordingly, based upon C.R.C.P. Rules 12(b) and 56(f), and the content in the

affidavit of Martin H. Freeman (Exhibit 1), and the cases cited in the affidavit, the Airgas Plaintiffs respectfully request that the Airgas Defendants' Motion for Summary Judgment based on Workers' Compensation exclusivity be denied without prejudice, with leave to readdress the issue after discovery is completed.

As here relevant, the attached affidavit said:

> 4. Based on inquiry and investigation by me and my associate counsel, it appears that some or all of the Airgas Group of Plaintiffs may have had their rights to recover workers' compensation adversely impacted or refused by the conduct of some or all of the Airgas Defendants, such that, even if Workers' Compensation exclusivity might otherwise be available as a defense, it would not be under the circumstances of this case.
>
> 5. Depositions of the Airgas Defendants and others, and responses to interrogatories and requests for production to be propounded to the Airgas Defendants, are essential for the Airgas Plaintiffs to be able to determine the extent to which the Airgas Group of Plaintiffs may have had their rights to recover workers' compensation adversely impacted or refused by the conduct of some or all of the Airgas Defendants.
>
> . . . .
>
> 9. The discovery described in paragraphs 5 and 8 is necessary to afford the Airgas Plaintiffs fair opportunity to fully respond to the motion for summary judgment of the Airgas Defendants based upon Workers' Compensation exclusivity.
>
> 10. The motion for summary judgment of the Airgas Defendants based upon Workers' Compensation exclusivity should therefore be denied without prejudice to

---

**1.** The appellate caption includes Robert Cordova, Carolyn Cordova, Tim Fink, Bruce Albert Berner, Barbara Filippone, Summer Haeske, and Francis Leintz as plaintiffs. They are plaintiffs in the original lawsuit, identified in the complaint as employees of Robert Cordova/Automotive Services, another business lessee in the building. However, because they were not affected by the trial court's summary judgment, they

are not properly parties to this interlocutory appeal.

**2.** Airgas concurrently filed its answer because "it was impossible to discern from the Complaint whether any of the non-Airgas plaintiffs brought claims against Airgas." The answer did not address any of the claims by the employee-plaintiffs or their spouses.

readdress the issue following the completion of discovery.

The employee-plaintiffs did not dispute their employment relationship with Airgas or the nexus between the alleged injuries and the scope of that employment, nor do they do so on appeal.[3] They responded to the merits of the C.R.C.P. 9(b) argument.

In its reply, Airgas did not challenge plaintiffs' assertion that the motion to dismiss must be converted to a motion for summary judgment. However, it argued that the affidavit did not satisfy C.R.C.P. 56(f) and that it was not in control of evidence relevant to the contention that any right of the employee-plaintiffs to recover workers' compensation benefits had been compromised.

After the motion had been pending for nine months, the case was reassigned to a different judge. Two months later, the trial court issued a single order denying the 56(f) request and granting the motion for summary judgment based on WCA exclusivity, without addressing the C.R.C.P. 9(b) issue. The court concluded that the C.R.C.P. 56(f) affidavit did not warrant either a continuance or a denial of summary judgment because:

22. There is no affidavit indicating that any Airgas plaintiff ever applied for workers['] compensation.

23. There is no affidavit indicating that any Airgas plaintiff was denied workers['] compensation.

24. There is no affidavit indicating any Airgas plaintiff had his or her right to workers['] compensation adversely affected.

25. The Airgas plaintiffs would be in possession of such information.

26. The attorney for the Airgas plaintiffs has given no hint of what evidence there might be to suggest that the Airgas plaintiffs' rights to recover workers['] compensation "may" have been adversely impacted or denied. The attorney's affidavit does not state reasons essential to justify its opposition.

Plaintiffs moved for reconsideration, reiterating that their response to the motion for summary judgment "had sought deferral of the ruling pursuant to C.R.C.P. Rule 56(f)." They further explained that:

6. The Airgas Plaintiffs are in possession of some [ ] information, but not all, due in part to the nature of mold illness (loss of memory) and the active role of Airgas employees to chill the plaintiffs['] access to workers['] compensation.

8. Because the Plaintiffs' claims involved fraud, discovery is, and was, essential before the Plaintiffs may fairly respond to the Defendant Airgas motion for dismissal. As shown in the attached affidavits from the Airgas Plaintiffs, Airgas employees failed to help the plaintiffs with workers['] compensation claim forms, and in at least two cases, specifically forbade the filing of a claim.

Affidavits of the five employee-plaintiffs were attached to the motion. Three of these affiants stated or implied that a workers' compensation claim had not been filed because of acts or omissions of Airgas.

The trial court denied reconsideration. It agreed that WCA exclusivity "does not apply if the employer prevented the employee from receiving the benefits of the Act," but explained that:

26. .... Counsel provided nothing as to why he believed [an estoppel defense] was available to the Airgas Plaintiffs, other than his own, and an associate's, investigation. Counsel, however, did not give a hint as to what he or his associate did to investigate, or what, if anything, the investigation revealed. More pointedly, there was no statement from any Airgas Plaintiff that he or she had any basis whatever to believe that his or her right to workers['] compensation had been adversely affected by the conduct of an Airgas Defendant.

---

3. Section 8–41–102, C.R.S.2009, provides: "An employer who has complied with the provisions of articles 40 to 47 of this title ... shall not be subject ... to any other liability for the death of or personal injury to any employee, except as provided in said articles...." Exclusivity under the WCA applies to an injury arising from employment. *Dee Enterprises v. Indus. Claim Appeals Office*, 89 P.3d 430, 432 (Colo.App.2003) ("[t]he [WCA] is the exclusive remedy for workers injured within the scope and course of their employment").

27. The affidavit of counsel was conclusory and without any statement of facts. It wholly lacked any particularity as to facts plaintiffs expected to discover and how these facts could create a genuine issue of material fact. It simply stated that a possible defense to the Workers['] Compensation Act bar "may" exist.

The court further held that the affidavits could not be considered. Later, it certified the summary judgment as final under C.R.C.P. 54(b), which is the basis for this appeal.

## II. The Trial Court Did Not Abuse Its Discretion in Denying Plaintiffs' Request for C.R.C.P. 56(f) Relief

C.R.C.P. 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the opposing party cannot for reasons stated present by affidavit facts essential to justify its opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The trial court did not explicitly deny plaintiffs' request in the order entering summary judgment. However, because the order addressed deficiencies in the request, it was presumptively denied when the summary judgment motion was granted. *See Henisse v. First Transit, Inc.,* 220 P.3d 980, 990 (Colo.App.2009) (*cert. granted* Dec. 14, 2009) ("The court did not rule on that request before granting defendants' motion, thereby effectively denying it.").

 We review a trial court's denial of a C.R.C.P. 56(f) request for an abuse of discretion. *A–1 Auto Repair & Detail, Inc. v. Bilunas–Hardy,* 93 P.3d 598, 604 (Colo.App. 2004). A trial court abuses its discretion in denying a C.R.C.P. 56(f) request where the movant has demonstrated that the proposed discovery is necessary and could produce facts that would preclude summary judgment. *Henisse,* 220 P.3d at 990.

 "In order to avoid the precipitous and premature grant of judgment against the opposing party, C.R.C.P. 56(f) affords an extension of time to utilize discovery procedures to seek additional evidence before the trial court rules on a motion for summary judgment." *Sundheim v. Board of County Comm'rs,* 904 P.2d 1337, 1352 (Colo.App. 1995), *aff'd,* 926 P.2d 545 (Colo.1996). Nevertheless, a trial court may deny a C.R.C.P. 56(f) request if the movant has failed to demonstrate that the proposed discovery could produce material facts. *A–1 Auto Repair & Detail, Inc.,* 93 P.3d at 604.

 Because when the trial court ruled, C.R.C.P. 56(f) was identical to its federal counterpart, we look to federal court precedent. *See Card v. Blakeslee,* 937 P.2d 846, 848–49 (Colo.App.1996). Those courts have articulated particular requirements for a Fed.R.Civ.P. 56(f) request, such as:

explain[ing] why facts precluding summary judgment cannot be presented ....[,] identifying the probable facts not available and what steps have been taken to obtain these facts ....[, and] explain[ing] how additional time will enable him to rebut movant's allegations of no genuine issue of fact.

*Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir.1992). The request must be specific, not conclusory. *See Garcia v. United States Air Force,* 533 F.3d 1170, 1179–80 (10th Cir.2008) (denial of 56(f) request not an abuse of discretion where "the affidavit submitted by [plaintiffs'] counsel failed to identify any specific facts which would create a genuine issue of material fact, let alone identify what steps had been taken to obtain such facts and a plan for the future"); *Everson v. Leis,* 556 F.3d 484, 496 (6th Cir.2009) ("counsel's conclusory Rule 56(f) declaration" properly rejected). Which party controls the information necessary to oppose summary judgment is often dispositive. *Compare In re Marine Asbestos Cases,* 265 F.3d 861, 869 (9th Cir.2001) (56(f) request properly denied where "[a]ll of the facts needed to raise a genuine issue of material fact ... were within the control of the plaintiffs"), *with Resolution Trust Corp. v. North Bridge Associates, Inc.,* 22 F.3d 1198, 1208 (1st Cir.1994) (Fed.R.Civ.P. 56(f) request should be granted where "the facts

needed to oppose summary judgment are in [the movant's] exclusive control").

■ Here, as recognized by the trial court, the C.R.C.P. 56(f) affidavit was vague and conclusory. For example, it failed to identify which plaintiffs' workers' compensation rights were compromised, name the defendant or defendants allegedly culpable, or provide any details of incidents giving rise to counsel's concern.

Plaintiffs correctly point out that because the case was not yet at issue under C.R.C.P. 16(b)(1), they were precluded from taking any formal discovery by C.R.C.P. 16(b)(10). *See Crystalline H2O, Inc. v. Orminski,* 105 F.Supp.2d 3, 7 (N.D.N.Y.2000) (relief granted under Fed.R.Civ.P. 56(f) because discovery not yet commenced). But counsel's affidavit provided no explanation for why, as the trial court found, the employee-plaintiffs "would [not] be in possession of such information." If any of the employee-plaintiffs did not file a workers' compensation claim because of misrepresentation, intimidation, or other misconduct of Airgas, that plaintiff would have sufficient personal knowledge to execute an affidavit compliant with C.R.C.P. 56(e).

Plaintiffs' assertion in their reconsideration motion that they were "in possession of some of that information, but not all, due in part to the nature of mold illness (loss of memory)" is unavailing. The C.R.C.P. 56(f) affidavit said nothing about alleged mold-induced memory problems. Although some affidavits filed with the motion for reconsideration support this assertion, such affidavits are generally not considered in ruling on a motion to reconsider. *Conrad v. Imatani,* 724 P.2d 89, 94 (Colo.App.1986) (affidavits filed after summary judgment granted not considered in a motion to reconsider). Plaintiffs neither advanced new circumstances nor explained why existing circumstances had not been brought to the court's attention. *See Mountainwood Condominium Homeowners Ass'n v. Cal–Colorado,* 765 P.2d 1066, 1069 (Colo.App. 1988) (motion for reconsideration properly denied where the "information was not 'newly discovered' " and the movant "made no showing of any proper reason why the information was not sooner presented"). And

even if memory problems precluded any employee-plaintiff from accurately describing his symptoms, counsel's affidavit did not describe attempts to obtain this information from other sources, such as their health care providers, without formal discovery.

Accordingly, we cannot say the trial court abused its discretion in denying C.R.C.P. 56(f) relief. However, this conclusion does not end our inquiry because plaintiffs alternatively contend that the trial court erred in entering summary judgment without affording them an opportunity to address the merits after having denied C.R.C.P. 56(f) relief.

### III. Simultaneously Denying C.R.C.P. 56(f) Relief and Entering Summary Judgment is Reviewable for an Abuse of Discretion

■ Initially, we reject Airgas's argument that plaintiffs failed to preserve this issue because they "never asked the district court for an opportunity to substantively respond to Airgas's Motion if it denied their Rule 56(f) request," and also failed to make such a request in their motion for reconsideration.

Airgas cites no case, nor have we found one, holding that a nonmovant is required to ask the trial court for an opportunity to address the merits if its C.R.C.P. 56(f) request fails. While doing so may be prudent, no such requirement appears in C.R.C.P. 56(f). Further, plaintiffs did not request that their deadline for responding to the motion be extended, but that the motion "be denied without prejudice, with leave to readdress the issue after discovery is completed," which was one of the court's options under C.R.C.P. 56(f).

■ The assertion that plaintiffs cannot raise this issue on appeal because they did not present it in their motion for reconsideration is without merit. A motion to reconsider may be treated as a post-trial motion under C.R.C.P. 59. *See, e.g., In re Petition of Taylor,* 134 P.3d 579, 582 (Colo.App.2006). Such a motion is "not ... a condition precedent to appeal" nor does it "limit the issues that may be raised on appeal." C.R.C.P. 59(b); *see Closed Basin Landowners Ass'n v. Rio Grande Water Conservation Dist.,* 734 P.2d 627, 636 n. 6 (Colo.1987); *Fail v. Com-*

*munity Hospital,* 946 P.2d 573, 582 (Colo. App.1997), *aff'd,* 969 P.2d 667 (Colo.1998).

■ Whether a trial court's simultaneous denial of a C.R.C.P. 56(f) request and entry of summary judgment may be reviewed for an abuse of discretion is a matter of first impression in Colorado.[4] We conclude that abuse of discretion review is appropriate because the language of C.R.C.P. 56(f) is broad, courts zealously guard against prematurely granting summary judgment motions, and cases consistent with the trial court's action do not preclude abuse of discretion review.

Because C.R.C.P. 56(f) neither requires nor prohibits collapsing the rulings, it affords the trial court "the power to choose between two or more courses of action and [the court] is therefore not bound in all cases to select one over the other." *People v. Milton,* 732 P.2d 1199, 1207 (Colo.1987) (defining discretion). The last phrase in C.R.C.P. 56(f)— "may make such other order as is just"— would permit a trial court that denies a 56(f) request to afford an opportunity to address the merits, as the court did in *School Board v. Richardson,* 332 F.Supp. 1263, 1268 (N.D.Fla.1971); *see also Committee for First Amendment,* 962 F.2d at 1523 (upholding district court's failure "to inform the Plaintiffs of its inclination to grant summary judgment in the absence of additional discovery and urge them to provide additional materials" as not "beyond its allocated discretion").

■ And "[b]ecause a grant of summary judgment denies the party opposing the motion a right to trial," *Roberts v. American Family Mut. Ins. Co.,* 144 P.3d 546, 548 (Colo.2006), "[s]ummary judgment is a drastic remedy." *Brodeur v. American Home Assur. Co.,* 169 P.3d 139, 146 (Colo.2007). Relief under C.R.C.P. 56(f) "avoid[s] the precipitous and premature grant of a summary judgment." *Sandoval v. Archdiocese of Denver,* 8 P.3d 598, 605 (Colo.App.2000); *see also Resolution Trust Corp.,* 22 F.3d at 1203 ("[t]he rule is intended to safeguard against judges swinging the summary judgment axe too hastily").

Indeed, "considering the drastic nature of the remedy of summary judgment," a division of this court has concluded that "the provisions of C.R.C.P. 121 [section 1–15(3) ] concerning *confession* of a motion by not filing a response thereto, are inapplicable to a motion for summary judgment under C.R.C.P. 56." *Seal v. Hart,* 755 P.2d 462, 465 (Colo.App.1988); *see also Amaker v. Foley,* 274 F.3d 677, 681 (2d Cir.2001) (even when nonmovant fails to respond to summary judgment motion, court still must examine the moving party's submission).

Protecting the nonmovant's rights would be eroded if a party who lost an opportunity to oppose the merits of summary judgment when the trial court collapsed the C.R.C.P. 56(f) and merits rulings could not challenge such action as an abuse of discretion.

■ Nevertheless, under some circumstances, where "a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified." *Willmar Poultry Co. v. Morton–Norwich Products, Inc.,* 520 F.2d 289, 297 (8th Cir.1975). For example, the nonmovant may not have been entirely precluded from responding on the merits. *See Gieringer v. Silverman,* 731 F.2d 1272, 1280 (7th Cir.1984) (plaintiffs' allegations that they were prevented from responding on the merits under Rule 56(f) fail where "the substance of those submissions clearly addressed the merits of the summary judgment issue"). The nonmovant may have been dilatory. *See Garcia,* 533 F.3d at 1180 ("Rule 56(f) does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery."); *see also A–1 Auto Repair & Detail, Inc.,* 93 P.3d at 605 (denial of C.R.C.P. 56(f) request affirmed where movant "filed her motion nearly two and a half years after she filed her answer"). Or the nonmovant may have been forewarned that "the success of that [56(f) ] motion was unlikely, given previous rulings of the trial court that the additional discovery [nonmov-

---

4. Although the division in *Pursell v. Hull,* 708 P.2d 490, 491 (Colo.App.1985), held that simultaneous entry of summary judgment and denial of a request for more time to respond was an abuse of discretion, the decision is not authoritative because the movant had no objection to the request and the division did not cite C.R.C.P. 56(f).

ant] sought was not relevant to the key issues in his case." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 19–20, 795 N.E.2d 648, 659 (2003).

■■■ Collapsing the C.R.C.P. 56(f) ruling into the merits ruling is also consistent with the risk a party takes by failing to file a substantive response before a deadline for doing so lapsed, although a motion for an extension is pending. As the court explained in *Moyer v. Empire Lodge Homeowners' Association*, 78 P.3d 313, 315 (Colo.2003):

> While it is surely within a trial court's discretion to grant a timely motion to enlarge, even after the period to be enlarged has expired, the court's failure to do so, or for that matter, its failure to take action on the motion at all, does not automatically extend an existing deadline. A party seeking an enlargement of time within which to take a required action, delays beyond an as yet unextended deadline at its own peril.

However, we do not read *Moyer* as precluding abuse of discretion review for the following reasons. First, the court did not address this issue. Second, the water court had set a deadline for filing a bill of costs. While a deadline arises from C.R.C.P. 56(c), which makes opposing affidavits due "within the time allowed for the response brief," as set by C.R.C.P. 121 section 1–15, that timeline is subject to extension under C.R.C.P. 56(f). Third, unlike most requests for time extension, *see In re Odom Enterprises, Inc.*, 22 B.R. 785, 788 (Bankr.E.D.Ark.1982) ("The additional grant of time was as a matter of grace, not of right."), a C.R.C.P. 56(f) filing is not a request for more time to do something that *could* have been done within the deadline, but a plea that a substantive response *cannot* be filed at the time. *See In re Dana Corp.*, 574 F.3d 129, 149 (2d Cir.2009) ("a party against which summary judgment is sought must be afforded a reasonable opportunity to elicit information within the control of his adversaries") (internal quotations omitted).

Therefore, we conclude that while a trial court has discretion to enter summary judgment simultaneously with denying the nonmovant's request for C.R.C.P. 56(f) relief,

appellate review for abuse of discretion is available to the nonmovant.

## IV. The Trial Court Did Not Abuse Its Discretion Here

■■ As indicated, before the trial court plaintiffs did not dispute either the employment relationship or the nexus between that relationship and the alleged injuries. Instead, they asserted, without any factual support, that WCA exclusivity was unavailable because "some or all of the Airgas Group of Plaintiffs may have had their rights to recover workers' compensation adversely impacted or refused by the conduct of some or all of the Airgas Defendants." But we agree with the trial court's determination that "[t]he Airgas plaintiffs would be in possession of such information." Based on this determination, and given plaintiffs' failure to dispute any element of WCA exclusivity, the court could reasonably have concluded that no purpose would be served in delaying the case by affording plaintiffs a further opportunity to oppose summary judgment on the merits.

Where, as here, no discovery has been conducted and the nonmovant relies solely on C.R.C.P. 56(f), the better practice may be not to collapse denial of such relief into a ruling on the merits. However, in reviewing for an abuse of discretion, "we ask not whether we would have reached a different result but, rather, whether the trial court's decision fell within a range of reasonable options." *E–470 Public Highway Authority v. Revenig*, 140 P.3d 227, 230–31 (Colo.App.2006).

Accordingly, we conclude that the trial court did not abuse its discretion in granting summary judgment simultaneously with denying C.R.C.P. 56(f) relief.

The summary judgment is affirmed.

Judge TERRY and Judge CONNELLY concur.