25CA0692 Estate of Curry 02-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0692
Arapahoe County District Court No. 23PR516
Honorable H. Clay Hurst, Judge

---

In re the Estate of Artae Deshon Curry, deceased.

Sarah Curry,

Appellant,

v.

Cierren Edmondson, as Personal Representative of the Estate of Artae Deshon Curry,

Appellee.

---

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE GOMEZ
Pawar and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

---

Kumpf Charsley & Hansen, LLC, Michael P. Sasin, Englewood, Colorado, for Appellant

Gendelman Klimas Edwards, Ltd., Laurence I. Gendelman, M. Kaitlyn Davis, Chad Bosel, Denver, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    In this probate proceeding concerning the estate of Artae Deshon Curry (the decedent), Sarah Curry — the decedent's former spouse — appeals the district court's order granting summary judgment in favor of Cierren Edmondson — the decedent's daughter. In granting summary judgment, the district court determined that Curry was not entitled to inherit from the decedent or serve as personal representative of his estate. We agree and therefore affirm the judgment.

## I.    Background

¶ 2    Curry and the decedent were married in 2012. In 2020, during their marriage, the couple executed a joint trust agreement, which provided that whichever spouse survived the other would be the beneficiary of the property distributed to the trust upon the first spouse's death.

¶ 3    At the same time, the decedent also executed a pour over will, such that the residue of his estate would flow into the trust upon his death. The decedent's will nominated "[his] Wife, Sarah Elizabeth Curry," to serve as personal representative of his estate. It also nominated Edmonson to serve as personal representative if Curry failed to qualify for appointment.

¶ 4     The decedent filed a petition to dissolve the couple's marriage in 2022, and a decree was entered in 2023.  During the dissolution proceedings, Curry and the decedent executed a separation agreement, which was incorporated into the decree.  The separation agreement included a waiver provision, which states,

> The parties, for themselves and for their personal representatives and other successors, by signing this Agreement, agrees [sic] that this Agreement constitutes full and complete satisfaction of any and all claims and demands which they now have against the other and is in full settlement of all of our respective marital rights and obligations, including property and maintenance rights.  Except as otherwise specifically provided in this Agreement, *the parties waive all rights against the other and each releases and discharges the other from any and all claims, demands, and interests known or unknown which either now has or might have, as of the date of approval of this Agreement by the District Court, against the other or the property and estate of the other, including, but not limited to, waiver of the right to a surviving spouse's elective share, and we hereby waive our right to inherit from the other pursuant to the laws of the State of Colorado or any other state or nation, and we waive the right to serve as personal representative of the estate of the other.*  This paragraph shall not affect or control the right of either of us to provide to the other by will or to accept benefits as provided.

(Emphasis added.)

2

¶ 5    Neither Curry nor the decedent remarried (either each other or anyone else), and the decedent never executed another will.

¶ 6    Less than a year after their divorce, the decedent died, leaving four children — including Edmondson — from prior relationships. Shortly thereafter, Curry petitioned the district court for formal probate of the decedent's will and for appointment as personal representative of the estate.

¶ 7    Edmondson filed a motion to bar Curry, as the decedent's former spouse, from receiving any distributions from the estate or serving as personal representative of the estate.  Curry filed a response in which she alleged that she and the decedent "remained close" after the divorce, discussing potentially reconciling and remarrying.  She also argued that she could establish a basis for reforming the decedent's will due to his mistake of law, as she'd been advised by her divorce attorney that the decedent "did not need to create new estate planning documents" because the existing documents "remained valid despite the divorce."

¶ 8    Edmondson later filed a motion for summary judgment to resolve a question of law under C.R.C.P. 56(h).  Her motion set forth the relevant undisputed facts and argued, as relevant here:

- Under section 15-11-802(1), C.R.S. 2025, due to the divorce between Curry and the decedent, Curry was not a surviving spouse and was disqualified from inheriting property from the decedent or serving as personal representative of his estate.

- Upon the divorce, section 15-11-804(2)(a), C.R.S. 2025, operated to automatically revoke the provisions in the decedent's will granting property to Curry and nominating her to serve as personal representative.

- Curry hadn't alleged any facts that would establish a mistake of fact or law to justify reformation of the will.

¶ 9    In her response to the motion, Curry didn't contest Edmondson's presentation of the material undisputed facts and didn't offer any additional facts or evidence of her own. Instead, she merely argued, as relevant here, that summary judgment was inappropriate as to potential reformation of the will or joint trust agreement under section 15-11-806, C.R.S. 2025, because "[w]hether . . . Curry and [the] [d]ecedent . . . operated under a mistake of fact or law is a question of fact," and "Curry should be given the chance to obtain evidence regarding what [the]

4

[d]ecedent's divorce attorney advised him regarding the effect of divorce on his estate plan."

¶ 10    In a written order, the district court granted the motion and entered summary judgment in favor of Edmondson. The court agreed with Edmonson that, under sections 15-11-802(1) and 15-11-804(2)(a), Curry could not inherit from the decedent or serve as personal representative of his estate. The court also concluded that although Curry alleged a mistake of fact or law, she hadn't presented any facts that might alter this result. In particular, the court reasoned, the language in the separation agreement between Curry and the decedent didn't support a post-decree right to inheritance, the facts didn't support a finding of a common law marriage between Curry and the decedent between the time of their divorce and the time of his death, and nothing suggested that Curry and the decedent sought to have the decree vacated.

## II.    Analysis

¶ 11    On appeal, Curry contends that the district court erred by granting summary judgment in favor of Edmondson.

A. Standard of Review and Relevant Legal Principles

¶ 12 We review de novo whether a district court properly granted summary judgment under Rule 56(h). *Coffman v. Williamson*, 2015 CO 35, ¶ 12. Summary judgment is appropriate if there is no genuine dispute regarding the facts necessary to determine the question of law. *Id.*; *see also* C.R.C.P. 56(h) ("If there is no genuine issue of any material fact necessary for the determination of [a] question of law, the court may enter an order deciding the question."). The nonmoving party is entitled to all favorable inferences that may be drawn from the undisputed facts, and all doubts as to the existence of a triable issue of fact must be resolved against the moving party. *Coffman*, ¶ 12.

¶ 13 Under section 15-11-802(1), someone who is divorced from the decedent "is not a surviving spouse" except upon remarriage to the decedent. Additionally, under section 15-11-804(2)(a), unless otherwise expressly provided, a decree of dissolution of marriage revokes a person's right to receive benefits from their former spouse's will or trust and revokes any nomination to serve as personal representative of a former spouse's estate. *See In re Estate of Little*, 2018 COA 169, ¶ 39.

¶ 14    Nonetheless, section 15-11-806 allows a court to reform the terms of a governing probate instrument, "even if unambiguous, to conform the terms to the transferor's intention if it is proved by clear and convincing evidence what the transferor's intent was and that the terms of the governing instrument were affected by a mistake of fact or law, whether in expression or inducement." And section 15-5-415, C.R.S 2025, allows a court to reform the terms of a trust upon a similar showing of a mistake of fact or law by the settlor.

## B.    Application

¶ 15    Curry contends that the district court erred in two ways in its summary judgment order.

¶ 16    First, Curry contends that the court failed to recognize that sections 15-11-802(1) and 15-11-804(2)(a) aren't absolute bars to someone receiving property under their former spouse's will or serving as personal representative of their former spouse's estate. Rather, she argues, a party can present evidence supporting reformation of their former spouse's estate planning documents based on clear and convincing evidence that the former spouse intended for them to remain a beneficiary or personal representative

despite the divorce.  *See* §§ 15-11-806, 15-5-415; *see also Little*, ¶ 47 ("[N]othing in section 15-11-804, section 15-11-806, or the overall statutory scheme indicates that the General Assembly intended to exclude a former spouse from pursuing reformation pursuant to section 15-11-806 . . . .").

¶ 17  Although the district court didn't cite section 15-11-806, section 15-5-415, or *Little* in its summary judgment order, it implicitly rejected Curry's reformation argument by concluding that she hadn't presented any evidence that would avoid the operation of sections 15-11-802(1) and 15-11-804(2)(a) to prevent her from inheriting from the decedent or serving as personal representative of his estate.  Accordingly, we reject Curry's contention on appeal that the district court erred in its application of the law.

¶ 18  This brings us to Curry's second contention, which is that the court erred in rejecting her reformation argument because she may have been able to show that the terms of the decedent's will and the joint trust agreement were affected by a mistake of fact or law.

¶ 19  Curry argues that "[s]he alleged that the 'mistake' was that she and [the] [d]ecedent did not understand that they had to execute new estate planning documents to leave their estates to each other

8

given that their previous documents were never revoked." She also points out that while the separation agreement includes a provision waiving rights of inheritance and rights to serve as personal representative of each other's estate, this provision doesn't expressly refer to section 15-11-802 and further states that it "shall not affect or control the right of either of us to provide to the other by will or to accept benefits as provided."

¶ 20 Even so, there is no express language in the separation agreement that would alter the operation of sections 15-11-802(1) and 15-11-804(2)(a) to revoke the provisions for Curry in the decedent's will and joint trust agreement and preclude Curry from inheriting from the decedent and serving as personal representative of his estate. And Curry has not alleged that — much less presented any evidence to create a material issue of fact as to whether — the decedent was operating under a mistake of fact or law at the time he executed the will and joint trust agreement that would alter the effect of the couple's later divorce.

¶ 21 At most, Curry asserts that she might be able to present evidence that the decedent was operating under a mistake of fact or law after the divorce as to whether the provisions of his will and the

joint trust agreement remained intact.  But she didn't present any such evidence in response to the summary judgment motion.  *See* C.R.C.P. 56(e) ("[A]n adverse party may not rest upon the mere allegations or denials of the opposing party's pleadings, but the opposing party's response by affidavits or otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial."); *Sandstrom v. Solen*, 2016 COA 29*, ¶* 33 n.8 (summary judgment was appropriate when the opposing party "provided no affidavits or other evidence in support of her [defenses] in response" to the motions).  Nor did she invoke C.R.C.P. 56(f) to request deferral of a ruling on summary judgment to allow her to obtain specific additional evidence to support her response.  *See Bailey v. Airgas-Intermountain, Inc.*, 250 P.3d 746, 751 (Colo. App. 2010); *Waskel v. Guar. Nat'l Corp.*, 23 P.3d 1214, 1222 (Colo. App. 2000).

¶ 22     And even if Curry had obtained and presented evidence of the decedent's mistake of fact or law after the divorce concerning the ongoing validity of the provisions of his will or the joint trust agreement, it wouldn't support reformation of either document. Under sections 15-11-806 and 15-4-415, a mistake of fact or law

"in expression or inducement" of a governing instrument may support reformation of that instrument to conform to the transferor's or settlor's intent. But any mistaken impression the decedent may have been operating under *after the divorce* would do nothing to show that he was operating under a mistake of fact or law *at the time he executed the will and joint trust agreement* that affected the language he included in either document or his decision to execute the documents. *See Little*, ¶ 49 ("[S]ection 15-11-806 is unavailable to reform a will . . . to correct a testator's failure to prepare and execute a new document." (citation omitted)); Restatement (Third) of Prop.: Wills and Donative Transfers § 12.1 cmt. h (A.L.I. 2003) ("[R]eformation is [not] available . . . to modify a document in order to give effect to the donor's post-execution change of mind . . . or to compensate for other changes in circumstances . . . .").

¶ 23 Accordingly, we discern no error in the district court's order granting summary judgment.

### III. Disposition

¶ 24 The judgment is affirmed.

JUDGE PAWAR and JUDGE BERNARD concur.

11